No. 2854.—THE STATE v. WILLIAM E. BREWER.

| 22 | 273 |
|----|-----|
| 49 | 129 |
| 22 | 273 |
| 111 | 125 |
| 22 | 273 |
| 119 | 641 |
| 22 | 273 |
| 116 | 1094 |

The decisions of this court being matters of record and publication, it will be presumed that the Legislature had them in view in using a repealing clause of a peculiar character which had been, by those decisions, repeatedly interpreted; and, even if the correctness of the interpretation be doubted, the interests of society in a case where the release of a convict is claimed in virtue of an alleged repeal of a criminal statute, demand an obedience to the rule, *stare decisis*.

If a criminal statute be repealed, the prisoner who is being prosecuted under it must be discharged, even after judgment in the inferior court; but this rule is founded on the presumption of a legislative pardon, and does not exist where there is no room for such presumption.

As the revisory legislation of 1870 contained a repealing clause identical in effect with that of 1855, and as the latter was repeatedly decided not to have repealed the provisions contained in the statute itself, but, on the contrary, to have continued them in force, it follows, on precedent, that the former did not repeal a pre-existing statute relative to the crime of manslaughter, but, on the contrary, continued it in force.

APPEAL from the District Court, parish of Tensas. *Hough*, J. *William J. Duncan*, District Attorney, for the State. *Farrar & Reeves*, for defendant and appellant.

HOWE, J. The defendant was indicted in October, 1869, for manslaughter, under the third section of the act of March 15, 1855, relative to crimes and offenses.

On the twenty-first of April, 1870, he moved to quash the indictment, on the ground that the statute under which the indictment was found had been repealed, and that this repeal operated his discharge and "legislative pardon."

The motion was overruled; the prisoner pleaded not guilty, and was tried and convicted. He then moved in arrest of judgment, assigning the same reasons as those on which the motion to quash was based.

This motion was denied, and, having been sentenced to imprisonment at hard labor, he has appealed to this court.

The question presented for our decision is, whether section third of the act of 1855, relative to crimes and offenses, was, on the first day of April, 1870, repealed by the act of the Legislature, No. 96 of the laws of 1870, which went into effect on the day last named.

The revisory legislation, which we are thus called upon to interpret, was initiated by the Act No. 31, of 1868, entitled "An Act to provide for the revision of the statutes of the State of a general character," and the objects to be attained are therein stated to be these:

35

"That the public statutes of this State should be revised, their language simplified, their incongruities corrected, their deficiencies supplied, and the whole arranged in order, and reduced to one connected text, with a view to their adoption as the revised statutes of this State, to the end that all may know the law."

The work thus provided for, appears to have been completed during the present year, and was approved by the Legislature in the Act No. 96, already referred to, which act contained the following repealing clause:

"That all laws, or parts of laws, contrary to or in conflict with the provisions of this act, and all laws, or parts of laws, on the same subject matter, except what may be contained in the revised Civil Code and Code of Practice of the present session, be, and the same are hereby repealed, except the thirty-third section of an act entitled 'An Act for the punishment of crimes and misdemeanors,' approved May fourth, eighteen hundred and five; and that, in so far as there may be any conflict between the provisions of this act and any provision of the said revised Civil Code and Code of Practice, that said Code shall be held and taken as the law governing, and that this act take effect on the first day of April, A. D. eighteen hundred and seventy."

It will at once appear that this revisory legislation is, so far as this case is concerned, identical in character with that which was set on foot in 1854, and completed in 1855, and we naturally inquire, what were the decisions of this court in reference to the peculiar repealing clause, so often repeated in the system of 1855?

In the case of Holmes v. Wiltz, 11 An. 439, it was decided by a majority of the court that an interpretation of a statute which must lead to consequences mischievous and absurd, is inadmissible, if the statute is susceptible of another interpretation whereby such consequences may be avoided; that the legislative intention must be honestly sought after, and faithfully executed, if not in conflict with a paramount law; and, in cases like this, the meaning must be sought, not merely in the words of the statute itself, but in its subject matter, in the history of the legislation thereupon, in the purpose of the law, the reason of its enactment, and the evil it sought to remedy.

It was further held that the statute under consideration in that case, containing the following repealing clause, "that all laws contrary to the provisions of this act, and all laws on the same subject matter, except what is contained in the Civil Code and Code of Practice, be repealed," did not repeal the provisions contained in the statute itself, but, on the contrary, continued them; that the statute was, in fact, but a grouping together in one act of parts of pre-existing laws, and that by it the Legislature merely said: "Here is a condensed statement of all the law now in force relative to the mode of appointment, term of service, amount and condition of the bond, etc., of the recorder

of mortgages for the parish of Orleans; all else, *upon these specified matters*, is repealed."

In the case of Stafford *v.* His Creditors, 11 An. 470, in which the opinion of the court was delivered by the member who had dissented in the case of Holmes, the question was more closely related to the one at bar, for it concerned a statute highly penal, and the imprisonment of the appellant. The court said: "In the case of the State, on the relation of Holmes, *v.* Wiltz, we lately held that the repealing clause appended to the revisory acts of 1855, did not repeal such pre-existing statutory provisions as were re-enacted in the revisory statute."

In the case of the State *v.* Clay, 12 An. 431, a criminal case, the court said: "An examination of the act of 1855 on this subject (burnings), and a comparison of it with the former laws will show that it was the intention of the Legislature to arrange under the head 'offenses to habitations,' all the laws which it intended to continue in force on the subject of setting fire to buildings," etc.

In the case of Levois *v.* Gerke, 12 An. 832, Mr. Justice Spofford, who concurred in the opinion which finally prevailed on rehearing, said: "In the case of Holmes *v.* Wiltz, we held that the repealing clause (of revisory legislation of 1855) only swept away such anterior legislation upon the matter specifically treated of in the new legislation as was not retained in the latter. In Stafford *v.* His Creditors, the new law treated specifically of the *penalty* for a fraudulent bankruptcy, and we held that so much of the old law concerning this *penalty* as was not retained in the new was repealed." And Mr. Justice Buchanan concurred in this view of the effect of the repealing clause.

These decisions and opinions were matters of record and publication, and formed an important chapter in the jurisprudence of the State when the Legislature of 1870 adopted the revisory laws which we are now considering. We must presume that the Legislature had them in view when they made use of the repealing clause which had been so fully interpreted; and even if we doubt the correctness of the interpretation, we can hardly imagine a case in which the interests of society more loudly demand an obedience to the rule *stare decesis*.

There is no doubt that, if a criminal statute be repealed, the prisoner who is being prosecuted under it must be discharged, but we must decide, on precedent, that the statute now under view has not been repealed, but only continued in force as a portion of a revisory system. We may properly quote, in this connection, the language of Chief Justice Shaw, in the case of Wright *v.* Oakley, 5 Metcalf (Mass.), 406:

"In construing the revised statutes, and the connected acts of amendment and repeal, it is necessary to observe great caution to avoid giving an effect to these acts which was never contemplated by the Legislature. *In terms*, the whole body of the statute law was repealed;

but these repeals went into operation simultaneously with the revised statutes, which were substituted for them, and were intended to replace them, with such modifications as were intended to be made by that revision. There was no moment in which the repealing act stood in force without being replaced by the corresponding provisions of the revised statutes. In practical operation and effect, therefore, they are rather to be considered as a *continuance* and modification of old laws, than as an abrogation of those old, and the re-enactment of new ones. In order to construe them correctly, we must take the whole of the revised statutes, together with the act of amendment and the repealing act, and consider them in reference to the *known purposes* which the Legislature had in view in making the revision."

There are decisions of this court which seem to assert a doctrine different from that we have here adopted—the cases of State *v.* King, 12 An. 593; State *v.* Morgan, 12 An. 712; and State *v.* O'Connor, 13 An. 486. But of all these cases, it may be remarked, that they do not involve the question of revisory legislation, its intention and effect. The two last are based on the first, and in the first, one member of the court, at least, recognized this distinction, and stated it as one of the reasons of his concurrence. We do not think these decisions affect, or were intended to affect, those before quoted.

For the reasons given, it is ordered that the judgment appealed from be affirmed, with costs.

----

LUDELING, C. J., *concurring.* Judge Martin correctly states the law in the case of the State *v.* Johnson, 12 La. 552, thus: "When an act, creating an offense, *is repealed,* even after judgment in the inferior court, the judgment must be reversed, if it has not been affirmed before the repeal. *The reason is, that a legislative pardon is presumed to have been intended.*"

In the cases of the State *v.* King, and the State *v.* Kiltz, this principle of jurisprudence was recognized; and in these cases the court held that the repeal of a penal statute, pending a prosecution under it, *without a saving clause,* puts an end to the prosecution, *although the penal statute may, in the same act, be substantially re-enacted.*

To the latter proposition I can not give my assent. The reason of the rule is stated by Judge Martin; it is, because a legislative pardon is presumed to have been intended. When the intention of the Legislature is manifested to the contrary, by the express terms of the statute, there can be no room for presumptions. And this is admitted by all, to be true, when this intention is shown by "a saving clause" in the act.

I think, if the intention of the lawmakers not to abrogate the old law,

be clearly manifested in the act, in whatever mode it may be done, it will be equally efficacious in preserving the life or vitality of the law. In this case, that intention is clearly manifested by the re-enactment of the whole law—it is the same now that it was when the accused was tried and convicted in the district court; and, at no time since the commission of the offense, has it been different.

The repealing clause was not intended, and can not fairly or reasonably be held, to apply to laws re-enacted in the statute of 1870. All laws, *not contained in the statute*, on the same subject matter, are abrogated; but, nothing contained in the body of the statute itself is destroyed. In the case of Stafford *v.* His Creditors, Mr. Justice Lea, as the organ of the court, said:

"In the case of the State, ex rel. Holmes, *v.* Wiltz, we lately held, *that the repealing clause appended to the revisory acts of 1855, did not repeal such pre-existing statutory provisions as were re-enacted in the revisory statute.*" 11 An. 470; 11 An. 439; 14 An. 840.

And, in Wright *v.* Oakley, 5 Metcalf 406, Mr. Chief Justice Shaw said: "In construing the revised statutes, and the connected acts of amendment and repeal, it is necessary to observe great caution to avoid giving an effect to these acts which was never contemplated by the Legislature. In terms, the whole body of the statute law was repealed; but these repeals went into operation simultaneously with the revised statutes, which were substituted for them, and were intended to replace them, with such modifications as were intended to be made by that revision. There was no moment in which the repealing act stood in force, without being replaced by the corresponding provisions of the revised statutes. In practical operation and effect, therefore, they are rather to be considered as a continuance and a modification of old laws, than as an abrogation of those old, and the re-enactment of the new ones." 2 Wallace, 458.

In interpreting laws, courts should, if possible, construe them so as to avoid making them absurd or mischievous. I do not conceive that the act of 1870 repealed the statute under which the accused was indicted; it continued the operation and effect of the old law. 21 An. 482, State *v.* Kreider.

For these reasons, I concur in the decree rendered by Mr. Justice Howe.

Rehearing refused.