ST. PAUL, J.
 

 The defendant was charged and convicted under Act 78 of 1924, of “operating a motor vehicle while in an intoxicated condition.” He moved to arrest the judgment on the ground that said act is unconstitutional. 1-Iis motion having been denied, he appealed to this court, and assigns as error patent on the face of the record that the indictment charges no offense known to the law, for this, to wit, that it does not charge that there resulted any “injury to person or property!”
 

 I.
 

 In the matter entitled State of Louisiana and City of Shreveport v. A. G. Dudley, 106 So. 364,
 
 [1]
 
 No. 27387 of our docket, this day decided; we held that said Act 78 of 1924 was a constitutional and valid enactment, and this accused has not advanced any other grounds than those therein urged against its validity. The motion in arrest was properly overruled on the record as it then stood.
 

 II.
 

 In that same case (No. 27387, supra) we held that Act 78 of 1924 superseded Act 132 of 1922, and that it provided no penalty for operating a motor vehicle while in an intoxicated condition unless injury to -person or property resulted therefrom. Since^the indictment does not charge that there was an injury to person or property, it charges no offense known to the law. And since the error appears on the face of the record, it may be pointed out by assignment of errors in this court, as was done herein.
 

 Decree.
 

 The verdict and sentence herein are therefore annulled and set aside, and the accused discharged therefrom.
 

 O’NIELL, C. J., concurs in the decree, but not in the affirmance bf the opinion in the Dudley Case.
 

 OVERTON, J., recused.
 

 LAND, J., concurs in decree.
 

 [1]
 

 Ante, p. 872.