[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 874 
Relator was tried, convicted, and sentenced in the city court of Shreveport for violating Act 132 of 1922, relative to driving a motor vehicle "while in an intoxicated condition;" and also for violating City Ordinance No. 207, relative to driving a motor vehicle "while under the influence of liquor."
He then appealed to district court, where he was tried de novo and again convicted in both cases.
Thereupon he moved to arrest both judgments; and, his motion having been denied, he then applied to this court for writs of certiorari and prohibition. *Page 875 
 I.
In the case under the city ordinance, his complaint is that said ordinance does not define the word "liquor" as used therein.
In City of Shreveport v. Smith, 130 La. 126, 57 So. 652, this court quoted with approval from 23 Cyc. pp. 57, 61 (now 33 Corp. Juris, 495), as follows:
 "Liquor or Liquors. Either of these terms, standing alone, is too wide to have a precise legal signification, unless explained by the context or bynecessary inferences from the subject-matter of thestatute. When thus explained, however, the terms are commonly understood as including all varieties ofintoxicating beverages, whether spirituous, vinous or malt," (Italics ours.)
And we are of opinion that the term "under the influence ofliquor" has a well-recognized meaning with every one, which is exactly synonymous with the term "in an intoxicated condition."
The ordinance therefore clearly sets forth what is forbidden; and the conviction under the ordinance must stand.
 II.
In the case under the state law relator complains that the city judge was without jurisdiction to try him, for this, to wit, that Act 132 of 1922, making it a misdemeanor to operate a motor vehicle while in an intoxicated condition, has been superseded by Act 78 of 1924, making it a felony to do so; and accordingly the offense charged is triable only by jury (of five) in the district court.
To this the state answers by contending that Act 78 of 1924 is unconstitutional and void, (a) because said act is broader than its title, (b) because said act is ambiguous and not capable of judicial construction; and accordingly that said Act 132 of 1922 remains in full force.
(A) Our conclusion is that Act 78 of 1924 is not broader than its title. It is entitled: *Page 876 
 "An act to amend and re-enact Act No. 132 of 1922, entitled `An act to make the operation of any motor vehicle of any nature whatsoever by any person, while in an intoxicated condition, a misdemeanor, and providing penalties for the violation of this act,' and to repeal all laws or parts of laws in conflict herewith."
The first and third sections of the act make no change in the act of 1922, merely declaring it "unlawful" to operate a motor vehicle while in an intoxicated condition, and authorizing a revocation of license in case of a second offense. The first section provides no penalty.
The only effective change, if any, is in the second section thereof. The second section of the act of 1922 had made it a misdemeanor merely to operate a motor vehicle while in an intoxicated condition; but the second section of the act of 1924apparently provides no penalty whatever for merely operating such vehicle while in an intoxicated condition, and apparently does provide that whoever shall operate such vehicle in an intoxicated condition, and in so doing causes injury to person or property, shall be guilty of a felony.
And if the act of 1924 be capable of such construction, then said act is not broader than its title. For the declared purpose of said act is to amend the act of 1922, and this has been carried out by so amending that act as to make that a felony which formerly was only a misdemeanor. We are clearly of opinion that an act which makes a felony of what had formerly been only a misdemeanor is not broader than the title thereof declaring that its purpose is to amend the act which formerly made such offense only a misdemeanor. And the fact that the new statute then punishes such offense only when some injury to person or propertyresults therefrom, far from broadening said act, has, on the contrary, the effect of greatly narrowing the body of the act, and thus bringing it still more within the title thereof.
(B) And it is our conclusion that Act 78 *Page 877 
of 1924, even if somewhat ambiguous, is none the less capable of judicial construction, and is not only open to the construction which we have indicated above, but is actually capable of none other.
The section under consideration reads as follows:
 "Section 2. That any one found guilty of operating a motor vehicle, of any nature whatsoever, while in an intoxicated condition, and, or who shall cause injury to person or property, shall be guilty of a felony," etc. (Italics ours.)
The expression and/or is quite frequently used in contracts, but we confess that this is the first time we have ever found it in a legislative act. When used in a contract, the intention is that the one word or the other may be taken accordingly as the one or the other will best effect the purpose of the parties as gathered from the contract taken as a whole. In other words such an expression in a contract amounts in effect to a direction to those charged with construing the contract to give it such interpretation as will best accord with the equity of the situation, and for that purpose to use either "and" or "or" and be held down to neither.
Such latitude in contracts is, of course, permissible to individuals, who may contract as they please, but not so with a Legislature in making its laws; it must express its own will and leave nothing to the mere will or caprice of the courts, especially in the matter of punishing offenses.
In State v. Gardner, 151 La. 874, 880, 92 So. 368, this court quoted from United States v. Reese, 92 U.S. 220, 221 (23 L. Ed. 563), as follows:
 "Every man should be able to know with certainty when he is committing a crime. * * * It would certainly be dangerous if the Legislature could set a net large enough to catch all possible offenders, and leave it to the courts to step inside and say who could be rightfully detained, and who should be set at large." *Page 878 
Now, therefore, if we read the above-quoted section 2 retaining the "or," and disregarding the "and," we then have a statute which reads that —
 "Any one found guilty of operating a motor vehicle, of any nature whatsoever, while in an intoxicated condition, or who shall cause injury to person or property, shall be guilty of a felony, etc."
Separating the two disjunctive clauses, we then find that (1) any one found guilty of operating a motor vehicle, of any nature whatsoever, while in an intoxicated condition, * * * shall be guilty of a felony, etc.; and (2) any one found guilty of operating a motor vehicle, of any nature whatsoever, * * * who shall cause injury to person or property, shall be guilty of a felony, etc.
But manifestly it was not the intention of the Legislature to make a felon of any one who, in operating a motor vehicle, should cause injury to person or property, even though perfectly sober at the time; for the very title of the act and again the first section thereof indicate that it meant to denounce and punish the operating of a motor vehicle only "while in an intoxicated condition." Therefore the second of these disjunctive clauses would then have to be absolutely rejected, as being clearly not the legislative will.
But the first of these clauses might not be open to the same objection, to wit, that —
 "Any one found guilty of operating a motor vehicle, of any nature whatsoever, while in an intoxicated condition, * * * shall be guilty of a felony," etc.
Therefore there are but two readings of the section which canpossibly accord with the declared legislative intent, to wit: (1) That "any one found guilty of operating a motor vehicle, of any nature whatsoever, while in an intoxicated condition, * * * shall be guilty of a felony," etc.; and (2) *Page 879 
that "any one found guilty of operating a motor vehicle, of any nature whatsoever, while in an intoxicated condition, and whoshall cause injury to person or property, shall be guilty of a felony," etc.
But the first of these two readings, by making it a felony merely "to operate a motor vehicle, * * * while in an intoxicated condition," would necessarily include the case provided for in the second reading, to wit, making it a felony "to operate a motor vehicle, * * * while in an intoxicated condition, and causeinjury to person or property."
Hence, if we accept the first reading, the second reading becomes mere surplusage; and ultimately the section would read simply that —
 "Any one found guilty of operating a motor vehicle of any nature whatsoever, while in an intoxicated condition, * * * shall be guilty of a felony," etc.
We have said that the words "or who shall cause injury to person or property," not only may, but must, be expunged from the section in order to preserve the legislative intent.
But it is quite different with the words "and who shall cause injury to person or property." If these words be left in the section, they give it a meaning quite different from that which it has with these words left out. In the latter case, it is made a felony merely to operate a motor vehicle while in an intoxicated condition; in the former, it is made a felony to operate a motor vehicle while in an intoxicated condition onlywhen injury to person or property results therefrom.
But the Legislature put those words into the statute, and, since they cannot be omitted without affecting the legislative intent, it follows that they cannot be disregarded.
To sum up the whole matter: The section must read either and oror; it cannot read *Page 880 both without being inconsistent with itself. If "or" be read, then the words "who shall cause injury to person or property" not only may but must be expunged to come within the legislative intent as expressed in the title and first section of the act. The word "or" must therefore be expunged from the section as inconsistent with the expressed legislative intent.
On the other hand, if "and" be read, the omission of the words"and who shall cause injury to person or property" would materially alter the meaning of the section. And therefore, since the Legislature put the words into the section, and to omit them would change the legislative intent, it follows that the words cannot be disregarded.
Since, therefore, the word "or" must be expunged to accord with the legislative intent, and the word "and" must be preserved to accord therewith, it follows that the "or" must be rejected and the "and" must be retained; and accordingly the section must be read as follows:
 "Section 2. That any one found guilty of operating a motor vehicle, of any nature whatsoever, while in an intoxicated condition, and who shall cause injury to person or property, shall be guilty of a felony and upon conviction therefor shall be fined in an amount not less than two hundred dollars ($200.00) nor more than one thousand dollars ($1,000.00) or imprisonment in the penitentiary for a term of not less than three months nor more than one year, or both at the discretion of the court."
As the act of 1924 purports to and does amend and re-enact the act of 1922, it follows that the act of 1924 supersedes that of 1922, and that the act of 1922 is no longer in force.
The city judge has no jurisdiction to try for offenses under the act of 1924; and accordingly the conviction in the case under the state law must be set aside.
 Decree.
The conviction and sentence in the case of City of Shreveport v. A.C. Dudley are therefore *Page 881 
affirmed, and the conviction and sentence in the case of State of Louisiana v. A.C. Dudley are therefore annulled and set aside, and the accused discharged therefrom.
OVERTON, J., concurs in decree, affirming conviction under city ordinance, but thinks the act of 1924 too vague to be held constitutional, and thinks that the act of 1922 is still in force. He therefore dissents from the decree setting aside the conviction obtained under the act of 1922.
LAND, J., concurs in above.