(106 So. 844)

No. 27649.

### STATE v. JOHNSON.

(Jan. 4, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Automobiles** ⬤�línea351—**Indictment for driving while intoxicated must charge injury.**

Indictment under Act No. 78 of 1924, amending and superseding Act No. 132 of 1922, must allege not only that vehicle was operated by accused while intoxicated, but also that operation resulted in injury to person or property.

2. **Statutes** ⬤⟍118(1)—**In act to raise highway fund, provision penalizing operation of automobile while intoxicated held inoperative as not germane to main purpose of act.**

The main purpose of Act No. 120 of 1921 (Extra Sess.) was to raise general highway fund, as directed by Const. 1921, art. 6, § 22, and sections 29 and 35 of the act penalizing operating automobile while intoxicated are inoperative as not germane to such purpose.

Land and Overton, JJ., dissenting in part.

Appeal from Eleventh Judicial District Court, Parish of Vernon; Hal A. Burgess, Judge.

Charley Johnson was convicted of operating a motor vehicle on public highways while intoxicated, and he appeals. Conviction and sentence set aside, and defendant discharged.

Sidney I. Foster, of Leesville, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and John B. Hill, Dist. Atty., of Many (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

THOMPSON, J. The defendant was charged with operating a motor vehicle upon the public highways of the state while in an intoxicated condition.

He was tried by a jury of five, which returned a verdict of guilty as charged. Whereupon, after a motion for a new trial had been overruled, the accused was sentenced to pay a fine of $200 and, in default, to be imprisoned in the parish jail for a period of three months.

After the first witness had been sworn on the part of the state, the defendant objected to any evidence being offered, on the ground that the indictment does not charge any offense known to the laws of the state.

Further, that if Act 78 of 1924 is relied upon by the prosecution, then said act is not constitutional and is null and void, and, furthermore, if said act is found to be constitutional, then the indictment is not drawn in conformity to the requirements of said act.

The *objections* were overruled, but were renewed in a motion in arrest of judgment.

This motion was likewise overruled by the court, and the two rulings form the basis of this appeal.

[1] We had occasion in the recent case of State v. Dudley, 159 La. 872, 106 So. 364, to consider the constitutionality of Act 78 of 1924.

We held there that it was sacramental, in order to bring the prosecution within the terms of said act, that the indictment should allege, not only that the motor vehicle was

operated by the party charged while he was in an intoxicated condition, but also that such operation resulted in injury to person or property.

We also held that Act 78 of 1924 superseded Act 132 of 1922, which made it a misdemeanor for a person while in an intoxicated condition to operate a motor vehicle.

It is urged, however, on the part of the state, that while the verdict and sentence in this case cannot stand under the ruling in the Dudley Case, yet the charge against the defendant should not be quashed and the defendant discharged since there is another statute, independent of Act 132 of 1922 and Act 78 of 1924, which makes it a misdemeanor to operate a motor vehicle on the public highways while the operator is under the influence of intoxicating liquor.

The statute referred to is Act 120 of 1921 (Extra Sess.).

[2] Section 29 of that Act provides:

"That whoever upon any highway or road operates an automobile * * * recklessly, or while under the influence of intoxicating liquor * * * shall be guilty of a misdemeanor and punished as provided in section thirty-five."

The last-mentioned section fixes the penalty at a fine of not more than $100 or imprisonment for not more than 30 days for the first offense.

In the case of State v. Jim Fobbs (No. 27640) 106 So. 840,[1] this day decided, we held that the main purpose of Act 120 of 1921 was to raise a general highway fund in the manner directed by section 22 of article 6 of the Constitution of 1921, and that:

"Whatever is contained in said act, and not germane to said purpose, * * * is only extraneous matter superadded thereto.

"Which simply requires that so much of the act as is not germane to the main and evident

---

[1] Ante, p. 237.

purpose thereof, be rejected and expunged from the act; but does not require that the whole act be declared unconstitutional as having two distinct and independent purposes."

In the case referred to Fobbs was charged with operating a motor-driven vehicle on the public roads of Caddo parish without first having obtained a chauffeur's license, contrary to sections 25 and 35 of Act 120 of 1921.

In the instant case Johnson is charged with operating a motor vehicle upon the public highways while he was under the influence of intoxicating liquor, contrary to the provisions of section 29 and 35 of said Act 120 of 1921.

If, as held in the Fobbs Case, the offense of operating a motor-driven vehicle without having obtained a chauffeur's license was not within the purpose of the act and was not germane to the main object of said act, then for the same reason the offense charged against the present defendant is without the main purpose of said act and not germane thereto.

It follows from what has been said that there is no law in this state under which a person may be punished for merely operating a motor vehicle upon the public highways of the state while such person is under the influence of intoxicating liquors, unless such operation results in injury to person or property.

For the reasons assigned, the conviction and sentence is set aside and the defendant discharged.

LAND, J., concurs in decree, but dissents as to the holding that Act 132 of 1922 is superseded by Act 78 of 1924.

OVERTON, J., concurs in the foregoing concurrence and dissent.