ROGERS, J.
 

 The defendant was charged by information with operating an automobile while in an intoxicated condition and causing injury to the persons of others. He demurred to the information on the ground that it failed to charge or define any statutory violation. The demurrer was sustained and the defendant discharged. Prom this ruling of the court below the state has appealed.
 

 The charge in the information is based on Act 48 of 1926. Defendant’s pontention, under his demurrer, is that the act is inoperative, having been repealed and superseded by Act 296 of 1928. The later statute exempts from its provisions municipalities containing more than 15,000 inhabitants which have adopted ordinances regulating traffic within their corporate boundaries. The city of New Orleans, where the alleged offense was committed, has a population in excess of the statutory limit, and has provided by ordinances for the prosecution of violators of its traffic regulations. Hence defendant urges that he can only be prosecuted, if at all, under the municipal ordinances and not under the state laws.
 

 
 *294
 
 Act 48 of 1926 admittedly was not expressly repealed by Act 296 of 1928. Defendant’s contention is that the provisions of the statutes are repugnant, and that the whole subject-matter of defining and punishing traffic violations on the state highways is covered by the posterior one. Therefore the prior statute was repealed by necessary implication. We are unable to agree in this interpretation of the legislative acts, which would lead to consequences both mischievous and absurd. Under such a ruling, an intoxicated operator of an automobile causing injury to the person or property of another would be no more guilty than if he failed to inflict such injury.
 

 The legislative intention must be honestly sought after and faithfully executed, if' not in conflict with a paramount law, and, in cases like this, the meaning must be sought, not merely in the language of the legislative act, but in its subject-matter, in the history of the legislation thereupon, in the purpose of the statute, the reason of its enactment, and the evil it sought to remedy. State ex rel. Holmes v. Wiltz, 11 La. Ann. 439; State v. Brewer, 22 La. Ann. 273.
 

 Act 296 of 1928 is a comprehensive statute for the regulation of traffic on the public highways of the state. A reference to the history of such legislation discloses that the first legislative enactment on the subject was Act 237 of 1914. Under the provisions of this act, the negligent operation of a motor vehicle, and assisting and encouraging therein, constituted a misdemeanor, the penalty for which was a fine not exceeding $1,000, or imprisonment not exceeding two years, or both, at the discretion of the court.
 

 Act 42 of 1922 was adopted to reach what is popularly known as the “hit and run” driver. The statute made it a misdemeanor for the driver of a motor vehicle involved in an accident to leave the scene of the accident without furnishing certain information concerning the identification of the parties and vehicles involved. The penalty provided was a fine or imprisonment, or both, at the discretion of the court, with a further penalty for a second offender of the revocation of his license.
 

 Act 132 of 1922 made the operation of a motor vehicle by any person while in an intoxicated condition a misdemeanor, and provided penalties for the violation of its provisions. This statute was amended by Act 78 of 1924. Under the law as thus amended and re-enacted, the operation of a motor vehicle by any person while in an intoxicated condition, and, or, who shall cause injury to person or property, was made a felony, and the necessary penalty was set forth.
 

 In State v. Dudley, 159 La. 872, 106 So. 364, this court held that Act 78 of 1924 superseded Act 132 of 1922, and was intended to punish the unlawful act of driving a motor vehicle while intoxicated, only where injury to person or property resulted, and did not apply to the act of driving a motor vehicle while intoxicated and where no injury occurred. This interpretation of the statutes was approved and followed in State v. Watson, 159 La. 886, 106 So. 369, and State v. Johnson, 160 La. 247, 106 So. 844.
 

 These decisions having disclosed the absence of any statute to cover the case of a person driving a motor vehicle while intoxicated and no injury, either to person or property, was caused thereby, the Legislature, at its following session, enacted one. This is Act 22 of 1926, which constitutes the mere operation of a motor vehicle while in an intoxicated condition a misdemeanor, and authorizes, as punishment therefor, the infliction of a fine of not less than $25, nor more than $500, or imprisonment for not more than six months, or both fine and imprisonment. By Act 48 adopted at the same session, the Legislature again made ' it a' felony to operate a motor vehicle while in an intoxi
 
 *296
 
 rated condition and causing injury to the person or property of another, and provided arJ penalty for the violation of the-law.
 

 At its session held in the year 1928, the Legislature adopted Act 296. The title of the act is extensive, and its provisions are embodied in 92 sections, with many subsections. Section 75,• subsection (a), provides: “It shall be unlawful and constitute a misdemeanor for any person to violate any of the provisions of this Act unless such violations are by this Act or other law of this state declared to be a felony.” Subsection (b) sets forth the penalty to be imposed on any person convicted of a misdemeanor under the act and for which another penalty is not therein provided. Section 76 provides the penalty for driving while under the influence of intoxicating liquor or narcotic drugs. Section 77- sets forth the penalty for reckless driving. Section 78 provides the penalty for failure to stop in the event of an accident involving injury or death to a person. Section 79 sets forth the penalty for failure to give certain information. Section 90 declares that: “Unless another penalty is in this Act or by the laws of this State provided, every person convicted of a misdemeanor for the violation of any provision of this Act, or any of the rules and regulations made by the Department under authority of this Act, shall be guilty of a misdemeanor and upon conviction” may be punished as provided in the section. All of the penalties authorized under the act are fines or imprisonment in the parish or municipal jails, or both, at the discretion of the court. Nowhere, so far as we have been able to find from our examination of the statute, is any violation of its provisions declared to be a felony and punishable as such.
 

 A comparison of the statute with the prior statutes discloses that the former substantially covers those offenses that are denounced and punished. as misdemeanors in the latter. Thus section 4 of Act 296 of 1928 covers the same subject-matter as Act 237 of 1914. Sections 31 and 32 of Act 296 of 1928 are the same, x>ractically, as Act 42 of 1922. Section 3 of Act 296 of 1928 makes it a misdemeanor for any person under the influence of intoxicating liquor or narcotic drugs to drive a motor vehicle. This provision is somewhat broader than Act 22 of 1926, which merely makes it a misdemean'or to drive a motor vehicle while in an intoxicated condition.
 

 There is no provision in Act 296 of 1928 making it either a felony, as provided in Act 48 of 1926, under which the defendant is being prosecuted,- or a misdemeanor to drive a motor vehicle while in an intoxicated condition and to cause injury to the person or property of another.
 

 The object of the legislation of the year 1922 — Act 22 and Act 48 — was plainly to reach by the former statute the person who drove a motor vehicle while intoxicated, but occasioned no damage, making the offense merely a misdemeanor, and by the latter statute to cover the more serious case of a person who, while driving a motor vehicle in an intoxicated condition, caused injury to another person or his property, making this offense a felony. It is also plain that the intent of the Legislature in enacting Act 298 of 1928 was to leave undisturbed the provisions of Act 48 of 1926. We are therefore not only not able to infer that there is any repugnancy between the provisions of the statutes, but, on the contrary, find, from their language, history, and purpose, that they are not in conflict.
 

 For the reasons assigned, the ruling of the court below herein appealed from is annulled, the demurrer filed by defendant is overruled,' and the case is remanded to be tried according to law.