

# THE ATTORNEY GENERAL
# OF TEXAS

GROVER SELLERS      AUSTIN 11, TEXAS

XXIXXXXXXXXXXX
ATTORNEY GENERAL

Hon. O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:                      Opinion No. 0-5768

                              Re: Is the Board of Insurance Commissioners
                                  directed by Articles 4740 and 4725, R.C.S.,
                                  as amended by S. B. 8 and 9, Acts of 1943,
                                  48th Leg., R. S., to accept securities which
                                  are not eligible for reserve investments
                                  but which are eligible for capital and surplus
                                  investments ?

      Your request for an opinion on the above matter has been received
and carefully considered. We quote said request as follows:

      "One of our Texas life insurance companies has submitted to
me for deposit under the policy registration Articles 4740-4743
an offering of securities eligible for capital and surplus invest-
ments but which do not meet the requirements of reserve invest-
ments, as provided in Article 4725. Articles 4740 and 4725 were
amended by Senate Bills 8 and 9 of the 48th Legislature.

      "Before the 1943 amendment the requirement for reserve and
capital investments under Article 4725 were the same. Such invest-
ments were eligible for deposit under the registration articles but
surplus investments were not. The five articles were in harmony
with themselves and with the conception of the public generally. I
think, that the Commissioner's certificate of registration on a pol-
icy meant that he had in hand either the cash representing the re-
serve on the policy or securities of the kind in which the reserve
funds might be invested.

      "You will note that Senate Bill 8 lowered the requirements for
capital investments by fixing them equally with surplus investments
and left reserve requirements substantially as they were. Senate
Bill 9 amending Article 4740 changed the word "funds" to "capital,
surplus and/or reserves." Articles 4741-2-3 were not amended.

      "To accept the securities not eligible for reserve investments
it is necessary to construe "and/or" in the amendment as "or",

which seems in conflict with Article 4743 defining what deposits may include. Construction of "and/or" as "and" will apparently confine the deposits to reserve investments.

"I have declined to accept the capital and surplus investments because of the ambiguity and conflict involved and because of the real importance of the issue to the holders of registered policies.

"Please advise me whether the Board is directed by the above articles as amended to accept securities which are not eligible for reserve investments but which are eligible for capital and surplus investments."

Article 4740, Vernon's Annotated Revised Civil Statutes of Texas of 1925, prior to being amended by S. B. No. 8, reads in part as follows:

"Any life insurance company now or which may hereafter be incorporated under the laws of this State may deposit with the Commissioner for the common benefit of all the holders of its policies and annuity bonds, securities of the kinds in which, by the laws of this State, it is permitted to invest or loan its funds, equal to the legal reserve on all its outstanding policies in force, which securities shall be held by said Commissioner in trust for the purpose and objects herein specified. . . ."

The only change made in said Article 4740 by S. B. No. 8 which here needs to be considered is that the word "funds" was omitted from said amendment and the words "capital, surplus, and/or reserves" substituted therefor. It is necessary, therefore, to determine what the Legislature intended in adopting said amendment.

In the case of Yett vs. Cook, 281 S. W. 837, 841, the Supreme Court, speaking through Chief Justice Cureton, held:

". . . . An elementary rule of construction is that, when a law is amended, effect must be given to the amended law in a manner consistent with the amendment."

In the case of American Surety Company of New York v. Axtell Company, 36 S. W. (2d) 715, the Commission of Appeals held:

". . . . It will be presumed that the Legislature in adopting the amendment intended to make some change in the existing law and, therefore, the courts will endeavor to give some effect to the amendment."

In the case of Independent Life Insurance Company of America vs. Work, 77 S. W. (2d) 1036, 1039, the Supreme Court, speaking through Justice Greenwood, held:

"The rule is elementary that we must give some effect to changes in the words of legislative acts and must also construe their words so as to accomplish the legislative intent."

Applying these rules to the amendment of Article 4740 by S. B. No. 8 in the particular hereinabove referred to, it is obvious that the Legislature amended said Article for the purpose of clarification and to make certain the kinds of securities any life insurance company may deposit under said Article and to specify that same could include securities of the kinds in which, by the laws of this State, it is permitted to invest or loan its capital, surplus, and/or reserves.

Owing to the fact, however, that the use of the phrase "and/or" in statutes has been before the courts a number of times and frequently has been critized, it is necessary to interpret said phrase as used in order to determine the intent of the Legislature in using same in said amendment.

This phrase has been referred to as "ambiguous;" "indicating uncertainty and doubt;" "confusing and misleading;" "unintelligible;" "meaningless;" "gibberish;" and "an abominable invention that is as devoid of meaning as it is incapable of classification by the rules of grammar and syntax." Various other epithets have been applied thereto by the courts, several of which appear in the Annotations in 118 A. L. R., pp. 1367 et seq., but it is our opinion that when said phrase is properly used, as it was in said amendment, its meaning is not uncertain. It is broad, but not indefinite; it is elastic, but within definite bounds and for a definite purpose. A proper interpretation of said phrase depends in each instance upon the circumstances under which it is used, and when used in a statute it must be construed so as to express the true intention of the Legislature. When so construed, it does have a well-defined meaning recognized in law.

Webster's New International Dictionary, Second Edition, defines "and/or" as follows:

"Either and or or." "butter and/or eggs" means "butter and eggs, or butter or eggs."

The following statement as to the use of said phrase is made by the court in the case of State vs. Dudley, 159 La. 872, 877, 106 So. 364, 365, as follows:

"When used in a contract, the intention is that the one word or the other may be taken accordingly as the one or the other will best effect the purpose of the parties as gathered from the contract taken as a whole. In other words such an expression in a contract amounts in effect to a direction to those charged with construing the contract to give it such interpretation as will best accord with the equity of the situation, and for that purpose to use either 'and' or 'or' and be held down to neither."

The Supreme Court of California considered the meaning of said phrase in the case of Powers Farm, Inc., v. Consolidated Irr. Dist., 119 P. (2) 717, as same was used in an act relating to the liability of irrigation districts, their officers and employees for damages, which Act reads in part as follows:

"Section 2 provides: 'Whenever it is claimed that any person or property has been injured or damaged as a result of any dangerous or defective condition of any property owned or operated and under the control of any irrigation district or its officers or employees and/or the negligence or carelessness of any officer or employee of an irrigation district, a verified claim for damages shall be presented'", etc.

In passing upon the meaning of the phrase "and/or," as used in said quoted part of said statute, the court held:

". . . . As used in Section 2 of the act, it refers to a claim for damage grounded upon any one of the following clauses: (1) a dangerous or defective condition of property of the district and negligence of an officer or employee; or (2) a dangerous or defective condition of property of the district, that is a general liability without reference to negligence; or (3) the negligence of an officer or employee."

The meaning of said phrase was also considered by the Georgia Supreme Court in the case of Davison v. F. W. Woolworth Company, 186 Ga. 663, 198 S. E. 738, 118 A. L. R. 1363, as same was used in the statute levying a tax on Electrical Contractors, as follows:

"Electrical Contractors. Upon all electrical Contractors $25.00 for each county. The term 'electrical contractor' used in this paragraph shall be held to mean each person, firm, or corporation who shall engage in installing, repairing, and/or selling electrical wiring or equipment."

The Court made the following holding:

"We recognize the rule that tax acts, including acts imposing taxes on occupations, are to be strictly construed against the government.  Mayor, etc., v. Hartridge, 8 Ga. 23; Mystyle Hosiery Shops v. Harrison, 171 Ga. 430, 155 S. E. 765.  But we must not lose sight of another rule which admonishes us that however awkward and unusual the language of a statute may be, the legislative intent manifested by it must be ascertained and enforced as the law.  Torrance v. McDougald, 12 Ga. 526 (3); White v. State, 121 Ga. 592, 49 S. E. 715; Lee v. Tucker, 130 Ga. 43, 60 S. E. 164.  If the word combination "and/or" has a well-defined meaning recognized in legal parlance, it is the duty of this court to give the statute in which it is used that construction which is in harmony with that meaning.  If in doing so the authorities lead us to the conclusion that it was the purpose of the General Assembly to tax one in the situation of the defendant, the rule of strict construction will not have been violated.  The expression "and/or" has been before the courts a number of times and frequently has been criticized....  3 C. J. S. 1069, deals with this word combination, and analyzing the holdings of the various courts says in the text that the meaning of "and/or" may be clear, supplying the intention either that effect shall be given to both the conjunctive "and" and the disjunctive "or", or else that the one word or the other may be taken accordingly as the one or the other will best give effect to the purpose intended as gathered from the instrument taken as a whole, and for that purpose to use either "and" or "or", and be held down to neither; and that on the other hand it has also been said that, as sometimes used the term is ambiguous.

"We think that what the legislature intended was that Paragraph 50 of Section 2 of the general tax act of 1935 is to be read by using the word 'and' or the word 'or' interchangeably between the words 'installing,' 'repairing,' and 'selling,' so as to impose the tax provided in said act on any person who shall engage in installing, repairing, and selling electrical wiring and equipment, or who shall engage in any one of them.  To hold otherwise would be to entirely ignore the disjunctive "or".  Since there is a construction permissible, under the authorities cited in the note to 3 C. J. S. 1069, which will permit us to do so, the rule that we are to give effect, if possible, to every word in a statute, requires us to adopt this construction."

We think a similar construction should be placed upon said term as used by the Legislature in S. B. No. 8, and that what the Legislature intended

was that the word "and" or the word "or" should be used interchangeably between the words "capital," "surplus", and "reserves." When so construed it is apparent that the Legislature intended to authorize any life insurance company seeking to comply with the provisions of S. B. No. 8 to deposit with the Board of Insurance Commissioners securities of the kinds in which, by the laws of this State, it is permitted to invest its "capital", its "surplus", its "reserves", its "capital and surplus", its "capital and reserves", its "surplus and reserves", or its "capital, surplus and reserves." In other words, any such company can comply with said provision by depositing securities of the kinds in which it is permitted to invest its capital, surplus, and reserves, or any combination thereof, as it may prefer.

It is our opinion, therefore, that said inquiry should be answered in the affirmative and that the Board of Insurance Commissioners is directed by said Article as amended to accept any securities offered thereunder which are eligible for investment as capital, surplus or reserves.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Jas. W. Bassett*

Jas. W. Bassett
Assistant

APPROVED JAN 15, 1944

*Grover Sellers*

ATTORNEY GENERAL OF TEXAS

JWB:vdc