391 So.2d 450 (1980)
STATE of Louisiana
v.
Wilbur L. VEZINA.
No. 67245.
Supreme Court of Louisiana.
November 26, 1980.
*451 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard K. Knapp, Jr., Dist. Atty., Evelyn Oubre, Asst. Dist. Atty., for plaintiff-appellee.
Newman & Thibodeaux, Ulysses Gene Thibodeaux, Lake Charles, for defendant-appellant.
CALOGERO, Justice.
Defendant Wilbur L. Vezina was charged by Bill of Information with the felony of operating a motor vehicle while under the influence of alcohol, third offense (DWI-3), in violation of R.S. 14:98(D). After waiving his right to a jury trial, defendant was found guilty as charged and was sentenced, on January 17, 1980, to serve two years in the Calcasieu Parish Jail. Defendant appeals on the basis of five assignments of error presented in two arguments. For the reasons that follow, we reverse the conviction and remand the case to the trial court for further proceedings.
On May 31, 1979, defendant was arrested for driving while intoxicated (DWI). Defendant had two prior misdemeanor convictions for DWI, one dated November 15, 1976 and the other dated March 20, 1979. Accordingly, defendant was charged by Bill of Information, under R.S. 14:98(D), with DWI-3, a felony. On December 14, 1979, trial was held before the judge, defendant having waived his right to a jury trial. At the trial, defendant objected to the introduction of two of the state's exhibits, S-2 and S-3, the certified copies of the court minutes relating to the defendant's two prior DWI convictions. The objection was overruled. Thereafter, at the close of the state's case, defense counsel moved for a directed verdict of acquittal. Relying on several decisions by this Court, defense counsel argued that the records of defendant's prior DWI convictions failed to disclose affirmatively that defendant had been informed of his right to court appointed counsel and had knowingly waived that right or that defendant had waived his Boykin rights prior to pleading guilty. The trial court denied the motion and convicted defendant of DWI-3. From these rulings, defendant appeals.

ASSIGNMENT OF ERROR NO. 2
By this assignment of error defendant argues that the minute entries of his two prior guilty pleas for DWI were erroneously admitted into evidence at his trial for the instant offense because the minutes do not show that defendant knowingly waived his right to court-appointed counsel.
At defendant's trial for DWI-3 the state attempted to prove that defendant had been convicted of DWI on two prior occasions, once on November 15, 1976, to a misdemeanor charge of DWI-1, and again on March 20, 1979, to a misdemeanor charge of DWI-2. Certified copies of the minutes from the Criminal District Court for those dates were admitted into evidence at defendant's *452 trial over defense objection.[*] In neither case do the minutes recite that defendant was informed of his right to court-appointed counsel as required by C.Cr.P. art. 514.
Louisiana Code of Criminal Procedure Article 514 provides:
"The minutes of the court must show either that the defendant was represented by counsel or that he was informed by the court of the defendant's right to court-appointed counsel."
Since it is clear from the minutes that defendant was not represented by counsel, the above statute requires that the minutes show that he was informed by the court of his right to court-appointed counsel.
In State ex rel. Bishop v. Blackburn, 384 So.2d 406 (La.1980), this Court was presented with the identical issue as is presented here. Defendant Bishop had been tried and convicted for DWI-3. The conviction was based on a prior DWI guilty plea. The minutes of that guilty plea merely reflected that he "waived the presence of an attorney." The Court held that since Bishop was unrepresented by counsel and the minutes did not show that he had been informed of his right to court-appointed counsel as required by C.Cr.P. art. 514, the guilty plea could not be used to support the conviction for DWI-3. Justice Marcus, speaking for the majority, stated, "[w]e are unable to say that the waiver was knowingly and intelligently made since the record does not reveal that defendant was informed of his right to court-appointed counsel."
In the present case, defendant has been convicted of DWI-3, the conviction being based on the two prior guilty pleas by defendant. The minute entry for the November 15, 1976 guilty plea reflects that defendant, along with several other defendants, was "advised by the court of their right to counsel" and waived same. The minute entry for the March 20, 1979 guilty plea merely provides "[d]efendant waives his right to counsel." The minutes do not show that defendant "was informed by the court of the defendant's right to court-appointed counsel" in either proceeding. In fact, in the latter entry, the minutes do not reflect that defendant was informed of his right to counsel whether court-appointed or not, but only that he "waives his right to counsel."
Since defendant was not represented by counsel at either of his prior two guilty pleas, and since the minutes do not show that he was informed of his right to court-appointed counsel as mandated by C.Cr.P. art. 514, following State ex rel. Bishop v. Blackburn, supra, those minute entries should not have been admitted into evidence at defendant's trial for the instant offense, to prove defendant guilty of driving while intoxicated for the third time. Accordingly, defendant's conviction for DWI-3 must be reversed.
In the recent case of State v. Byrd, 385 So.2d 248 (La.1980), this Court held that when the evidence does not support a conviction of the crime charged, but it is nevertheless clear that the trier of fact necessarily found that the elements of a lesser and *453 included offense had been proved beyond a reasonable doubt, the case should be remanded to the trial court with the instruction to enter a judgment of guilty of that lesser included offense and to sentence the defendant accordingly. In the present case defendant was charged with the crime of DWI-3. While we hold that the evidence does not support a conviction against defendant as a third offender, it is clear from the verdict that the elements of the lesser included offense of DWI-1 were proven beyond a reasonable doubt. (There are no assignments of error relating to the proof of the crime of DWI, only to whether it was properly proven to be his third offense.) Therefore, we remand the case to the trial court with instructions to enter a judgment of guilty of DWI-1 and to sentence the defendant accordingly.
Because of our holding on this assignment of error, we pretermit consideration of defendant's other assignments of error, that the minutes of the prior guilty pleas were not admissible because defendant had not been Boykinized.

DECREE
For the foregoing reasons, defendant's conviction and sentence are reversed and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
MARCUS, J., concurs in part and dissents in part and assigns reasons.
BLANCHE and WATSON, JJ., dissent.
MARCUS, Justice (concurring in part and dissenting in part).
I would reverse defendant's conviction and sentence and order the bill of information dismissed. State ex rel. Bishop v. Blackburn, 384 So.2d 406 (La.1980). Accordingly, I respectfully concur in part and dissent in part.
NOTES
[*] The minutes admitted into evidence as S-2 and S-3 provide in pertinent part:

"Lake Charles, Louisiana, November 15, 1976.
"* * *
"The following defendants having been advised by the court of their right to counsel, inform the court they waive their right to counsel, waive reading of the bill of information and plead guilty. Each defendant is sentenced to pay a fine of $175.00 and costs or in default to serve 30 days in the Parish Jail.
"* * *
"State Vs. No. 15558-76 Wilbur L. Vezina D.W.I."
and
"Lake Charles, Louisiana, March 20th, 1979
"* * *
"State Vs. # 3901-79 Wilbur Vezina
"Charge; -DWI, 2nd Offense.
"Defendant waives his right to counsel and pleads guilty. The court sentences him to pay a fine of $400.00 and costs, or in default thereof to serve 60 days in jail; in addition, defendant is sentenced to serve 125 days in jail."