440 So.2d 934 (1983)
STATE of Louisiana, Respondent,
v.
Joseph W. CICHIRILLO, Relator.
No. 15736-KW.
Court of Appeal of Louisiana, Second Circuit.
October 24, 1983.
*935 J.P. Mauffray, Jr., Jena, for relator.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Don C. Burns, Dist. Atty., Iley Evans, Asst. Dist. Atty., Columbia, for respondent.
Before PRICE, HALL and SEXTON, JJ.
PRICE, Judge.
Defendant, Joseph W. Cichirillo, was granted a writ of review of his conviction and sentence for operating a motor vehicle while under the influence of intoxicating beverages as a second offender in violation of LRS 14:98. He was sentenced to imprisonment without hard labor for three days and ordered to pay a fine of $475.
Defendant has made numerous assignments of error. The first four assignments relate to the use of a prior conviction as a predicate for his present conviction as a second offender. We find merit to assignment 3 and, therefore, set aside defendant's sentence as a second offender and remand for resentencing as a first offender. Defendant's remaining assignments 5 through 8 are leveled at the unconstitutionality of the statute under which he was charged and the insufficiency of the evidence for conviction. We find no merit in these assignments for the reasons assigned.

Assignment of Error No. 1
Defendant complains that the minutes of court in his first conviction for DWI should not have been admitted into evidence at the state's request as a transcript of those proceedings had already been introduced into evidence on his behalf. While defendant is correct that the transcript is the best evidence and there is material contradiction between the minutes and the transcript as to what transpired, this error will not be prejudicial to defendant on this review as the transcript will be controlling where conflict exists with the minutes.

Assignment of Error No. 2
Defendant contends that the state failed to prove he was the identical person named in the prior conviction. Since we are of the view the first conviction cannot be used to enhance the penalty for the conviction under review for other reasons, we find it unnecessary to rule on this assignment.

Assignment of Error No. 3
Defendant contends that the evidence of his prior conviction for this offense is not *936 admissible as there is no showing that he was informed of his right to have counsel appointed to defend him if he is indigent or that he waived this right. The only reference to right to counsel in the colloquy between the court and defendant at the time defendant's plea was accepted was as follows:
The Court: Do you understand that by pleading guilty you are giving up the right to be represented by an attorney at the trial of this matter?
Answer: "yes sir."
It should be noted at this point that the transcript of testimony is at variance with the court minutes which do show that defendant was advised more fully of his right to counsel at all stages of the proceedings and his rights if indigent. The minutes are in error in this regard as is shown by the transcript and we find that defendant was not advised of his right to counsel and to have counsel appointed if he was indigent. Nor, do we find any waiver of these rights in the transcript of testimony.
La.C.Cr.P. Art. 514 provides as follows:
The minutes of the court must show either that the defendant was represented by counsel or that he was informed by the court of the defendant's right to counsel, including the right to court-appointed counsel and that he waived such right.
In State v. Vezina, 391 So.2d 450 (La. 1980), the Supreme Court reviewed the law on this issue as follows:
In State ex rel. Bishop v. Blackburn, 384 So.2d 406 (La.1980), this Court was presented with the identical issue as is presented here. Defendant Bishop had been tried and convicted for DWI-3. The conviction was based on a prior DWI guilty plea. The minutes of that guilty plea merely reflected that he "waived the presence of an attorney." The Court held that since Bishop was unrepresented by counsel and the minutes did not show that he had been informed of his right to court-appointed counsel as required by C.Cr.P. art. 514, the guilty plea could not be used to support the conviction for DWI-3. Justice Marcus, speaking for the majority, stated, "[w]e are unable to say that the waiver was knowingly and intelligently made since the record does not reveal that defendant was informed of his right to court-appointed counsel."
There is no question in the instant case that the defendant was not properly advised of his right to counsel in accordance with Art. 514 or the ruling in Vezina and that his prior conviction may not be used as evidence to enhance the penalty on his present offense of operating a vehicle while intoxicated.

Assignment of Error No. 4
Defendant also complains that the transcript of evidence of his prior conviction does not show he was clearly informed that by pleading guilty he was waiving his privilege against compulsory self-incrimination and his right to trial, two of the three matters of which a defendant must be informed before a prior guilty plea can be used to enhance a penalty on a subsequent offense. We find it unnecessary to discuss this assignment since we are reversing defendant's conviction as a second offender for reasons discussed under Assignment No. 3.

Assignments of Error Nos. 5, 6, and 7
These assignments are leveled at the validity of LRS 14:98, the statute proscribing the operation of a motor vehicle while intoxicated. Defendant contends the statute is vague and overbroad and also that it violates the constitution in that it allows members of the executive or judicial branches of government to exercise a legislative function.
There is no merit to these arguments as they have been dispelled by the Supreme Court in the early case of State v. Dudley, 159 La. 872, 106 So. 364 (1925) and the later case of State v. Hightower, 238 La. 876, 116 So.2d 699 (1959).

Assignment of Error No. 8
Defendant contends there was a lack of probable cause for his detention and arrest *937 and he was not advised of his constitutional rights before being given a field sobriety test. Defendant was stopped by the arresting officers who observed his vehicle being driven in an erratic manner. This was sufficient cause for the initial stop and investigatory detention of defendant as a suspected drunken driver.
State v. Badon, 401 So.2d 1178 (La.1981) considered whether Miranda warnings were necessary prior to requiring a defendant to take a field sobriety test. In holding the warning was not required, the court discussed this issue as follows:
In Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966), the Supreme Court held that "... the prosecution may not use statements, whether exculpatory and inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." In Schmerber v. California, 384 U.S. 757, 761, 86 S.Ct. 1826, 1830, 16 L.Ed.2d 908 (1966), decided the same term, the court then emphasized that the Fifth Amendment privilege, and the coextensive Miranda safeguards "protect[] an accused only from being compelled to testify against himself or otherwise provide the state with evidence of a testimonial or communicative nature..." "The distinction which has emerged ..." the court noted, "is that the privilege is a bar against compelling `communication's' or `testimony', but that compulsion which makes a suspect or accused the source of `real or physical evidence' does not violate it." Id., 384 U.S. at 764, 86 S.Ct. at 1832.
Courts that have considered the present question have held uniformly that a field sobriety test does not touch upon an individual's Fifth Amendment privilege and that no Miranda warnings are therefore required....
Although Art. 1, § 13 of the La. Const. of 1974 was not discussed in Badon we do not believe the result would be different had the state constitutional provision been considered. We find no merit to this assignment of error.

Assignment of Error No. 9
Defendant contends there was insufficient evidence to support the state's burden of proving that he was intoxicated. There is no merit to this assignment of error. Since we have determined the officer's testimony describing the results of the field sobriety test were admissible, there is substantial evidence in the record to support a finding of guilt by the court.

Disposition
As noted in our discussion of Assignment of Error No. 3, defendant's conviction and sentence for operating a motor vehicle while intoxicated, second offense, must be set aside. However "when it is clear from the verdict that the trial judge or jury necessarily found the elements of a lesser and included offense had been proved beyond a reasonable doubt, and the state, constrained by the double jeopardy clause, cannot seek anew a conviction on the greater offense, a remand for a new trial would serve no useful purpose." State v. Stephenson, 412 So.2d 553. In this case the verdict shows the trial court necessarily found the elements of the lesser and included offense of operating a motor vehicle while intoxicated (first offense) had been proven beyond a reasonable doubt. The facts in the record amply support this finding. Therefore, following Stephenson we find it appropriate to remand for resentencing defendant as a first offender.

Decree
For the reasons assigned it is ordered that defendant's conviction for operating a motor vehicle while under the influence of intoxicating beverages as a second offender be set aside and the sentence is ordered vacated; the case is remanded to the district court with instructions to enter a judgment of guilty of operating a motor vehicle while intoxicated and to sentence defendant accordingly.
REVERSED and REMANDED.