**72 So.2d 488**

**CITY OF BATON ROUGE   v.   MONDY.**

No. 41654.

April 26, 1954.

Alex L. Pitcher, Jr., Baton Rouge, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., J. St. Clair Favrot, Dist. Atty., Scallan E. Walsh, Asst. Dist. Atty. and Sp. Asst. Parish Atty., Baton Rouge, for appellee.

LE BLANC, Justice.

Relator was, on the 28th day of October, 1953, found guilty in the City Court of Baton Rouge, Louisiana, of violating Section 54 of Title 11 (Traffic Regulations) of the Baton Rouge City Code of 1951, relating to Reckless Driving.

Following his conviction in the City Court, relator appealed to the Nineteenth Judicial District Court in and for the Parish of East Baton Rouge. When the case was called for trial in that Court, relator

was allowed to withdraw his plea of "Not Guilty" and file a Motion to quash the charge or complaint upon which he was convicted in City Court for the reason that the charge was not made by affidavit, bill of information, or indictment.

The District Judge overruled the Motion to quash. Relator applied to this Court for writs of Certiorari, Mandamus and Prohibition. The writs were granted with a stay order, and the case has now been submitted to this Court.

The sole question for review is whether or not an affidavit, bill of information, or indictment is necessary to charge one with violation of a City Ordinance in a City Court. We think that clearly an indictment or information is not required. Relator was tried on a police report, which was not sworn to.

The Constitution of Louisiana, Article 1, Section 9, provides in part, as follows:

"* * * Prosecutions shall be by indictment or information; but the Legislature may provide for the prosecution of misdemeanors on affidavits; * * *."

The special statute creating the City Court of the City of Baton Rouge is now found in LSA–R.S. 13:2071 et seq. The first section, 2071, abolishes the offices of justice of the peace of the first and second wards of the Parish of East Baton Rouge and in their stead it creates the City Court of the City of Baton Rouge and pro-

vides that "all powers, duties and jurisdiction of justices of the peace shall be exercised by and vested in a city judge of the city of Baton Rouge."

Section 2072 then provides that "The city court shall have jurisdiction for the trial and punishment of persons charged with offenses against the state, not punishable at hard labor, and jurisdiction of violations of municipal, board of health and parochial ordinances and the holding of preliminary examinations in cases not capital." Then follows this provision which gave rise to the controversy in this case: "Prosecutions of criminal cases, when the offense is against the state or parish, shall be by affidavit stating briefly the nature and cause of the accusation."

The statute, LSA–R.S. 13:2071 et seq., was enacted pursuant to Article VII, Section 51 of the Constitution which gave the Legislature the power to abolish justice of the peace courts in certain instances and to create City Courts in their stead. The pertinent provision reads:

"The Legislature shall have the power to abolish justice of the peace courts in wards embracing the parish seat, or containing cities of more than five thousand inhabitants, and to create in their stead courts with such civil jurisdiction as is now vested in justices of the peace, and with criminal jurisdiction which shall not extend beyond the trial of offenses not punishable by imprisonment at hard labor under the

laws of this State, and with jurisdiction of cases for the violation of municipal and parochial ordinances, and to hold preliminary examinations in cases not capital, and to require bonds to keep the peace, and may perform marriage ceremonies."

It is the contention of the respondent, City of Baton Rouge, that there being no provision regulating the procedure for presenting an accused before the City Court, and that the statute creating the City Court of the City of Baton Rouge having made it mandatory to present an accused by affidavit only in cases where the offense is against the State or Parish, no formal procedure is required and therefore an affidavit is not necessary in cases of violations of Municipal Ordinances and as to these offenses he can be tried summarily, without a formal charge.

In support of this contention counsel for respondent refer to three decisions of this Court under prior Constitutions which held that cases falling within the jurisdiction of Recorders, Mayors or Aldermen organized under one section of the Constitution, formed an exception to the general rule laid down in another section of the same constitution which guaranteed to an accused the right of a trial by jury and required that there should be an indictment or information. The cases cited are City of New Orleans v. Costello, 14 La.Ann. 37; State v. Gutierrez, 15 La.Ann. 190 and

State v. Noble, 20 La.Ann. 325. These cases are authority for the propositions stated but they do not help in solving the problem that is here presented to the Court. Whereas the Constitution then in effect made no provision for substituting affidavits for the prosecution of misdemeanors in the place of indictments or informations, the present Constitution does empower the Legislature by Article 1, Section 9 to so provide, as we have seen, and the Legislature, in exercising its power enacted certain laws whose provisions, it must be said, have not made it very clear as to what the mode of procedure is in the prosecution of violations of municipal ordinances.

First we find those provisions governing city courts in general wherein at LSA–R.S. 13:1870 it is prescribed that:

"In all criminal cases prosecuted under the state laws, it shall not be necessary to file an information or indictment against the accused, but the accused shall be prosecuted under an affidavit setting forth such particulars therein as may be necessary to enable him to make a proper defense."

From that provision it may well be implied that in cases not prosecuted under State laws, but under municipal ordinances, no affidavit is necessary.

In 1928, however, the Legislature adopted a Code of Criminal Procedure which regulates criminal proceedings throughout

the State. The Code is now embodied in Revised Statutes being LSA–R.S. 15:1 et seq. Under section 2 of the statute it is provided that:

"All prosecutions may be by indictment; all prosecutions for offenses not capital, shall be by indictment or by information, provided that prosecutions for all misdemeanors when conducted in the municipal or recorder's courts throughout the state may be by affidavit."

Notwithstanding that the provisions include prosecutions for all misdemeanors conducted in the municipal courts, in view of the fact that in the immediately preceding section reference is made to proceedings instituted in the name of the State, some doubt arises over the direct question with which we are confronted, that is whether an affidavit is required in prosecutions conducted in municipal courts for violations of municipal ordinances.

Numerous other provisions of the Code of Criminal Procedure also relate to affidavits however, and these are not limited in their application to offenses against the State. For instance LSA–R.S. 15:52 which relates to Warrants of Arrest provides that:

"Every judge vested with criminal jurisdiction, whether as a trial judge or as a committing magistrate, and *every judge vested with jurisdiction to try violators of parochial and muni-cipal. ordinances,* has authority to issue a warrant for the arrest of any person found within the state charged * * *and for the arrest of all persons charged with the violation of any ordinance;* provided that no warrant of arrest shall issue except upon the indictment by a grand jury, the information of the district attorney, *or the affidavit of a credible witness setting out distinctly the charge against the person to be arrested."* (Our italics.)

LSA–R.S. 15:53 provides as follows:

"Whenever any person shall be accused by the oath of any credible person of any crime, breach of the peace or violation of any *parochial or municipal ordinance,* the judge before whom the accusation is brought shall receive the complaint and cause a warrant to issue, directing that the accused be arrested and brought before the court of competent jurisdiction." (Our italics.)

Under that part of the Code relating to Arrest and Commitment, we find under LSA–R.S. 15:78 that the judges of all Courts having criminal jurisdiction throughout the State are vested with jurisdiction over any person arrested for crime *or for violation of* any ordinance under and within their respective jurisdictions from the moment of arrest and by LSA–R.S. 15:81 it is significantly provided that:

"As soon as the person arrested without a warrant shall have been

brought before the judge, the judge shall, *unless an affidavit be then made setting forth the charge against* the prisoner, order him forthwith to be discharged from custody." (Our italics.)

In all these various provisions we find much to warrant the conclusion that the Legislature never intended that an accused, arrested for the violation of a municipal ordinance, could be brought before the Court having jurisdiction of the offense committed and then be charged informally and tried summarily. The Legislature must have had some special purpose in providing, in the statute creating the city court of the City of Baton Rouge that prosecutions shall be by affidavit when the offense is against the state and parish and making no such provision when the offense charged is a violation of a municipal ordinance. It may be that because it was abolishing two justices of peace courts which formerly had jurisdiction over offenses against the state and the parish it found it necessary to specifically make that provision whereas the same provision already applied, under the general statutes, to the city court which was to replace the justices' courts.

■ We would think that a municipal ordinance is of equal dignity and importance with an ordinance of a parish police jury and it is hardly probable that the Legislature would have intended to require an affidavit for the prosecution of violation of one and not of the other.

■ We observe that in creating the several special city courts throughout the State, the Legislature in some instances provided that all prosecutions *shall* be by affidavit, in others it provided that they *may* be by affidavit and in still others, as in the case of the City Court of the City of Baton Rouge, the statute is silent in that respect. It may be that when reference was made in some, to prosecutions being by affidavit, the Legislature was being more positive than in the others where it remained silent. But we do not think that by its silence it intended that a person should be tried and prosecuted for any offense simply on the oral charge of any citizen or of any arresting officer. It would seem that other provisions of the law such as we have cited gives an accused protection in that respect.

We have concluded that the motion to quash should have been sustained and for these reasons it is now ordered that the writs herein granted be made peremptory and that the relator be discharged.

McCALEB, J., concurs, being of the opinion that any other conclusion would render LSA–R.S. 13:2072 violative of section 9 of article 1 of the constitution.