HAWTHORNE, Justice.
This is an appeal by the State.
J. D. McAlister was charged in a bill of information as follows:
“* * * that J. D. McAlister on the Twentieth (20th) day of April * * * (1957) * * * unlawfully operated a motor vehicle while under the influence of alcoholic beverages, in violation of R.S. 14:98; that the District Attorney informs the Court that the defendant has been thrice previously convicted' for violating R.S. 14:98; first conviction being November 28, 1950; second conviction being April 21, 1951 and the third conviction being October 19, 1951 # * *”
R.S. 14:98 denounces the crime of operating a vehicle while intoxicated. Before its amendment in 1956 the first paragraph of this statute read:
“Operating a vehicle while intoxicated is the operating of any motor vehicle * * * by a person under the influence of intoxicating liquor or narcotic drugs.”
This paragraph after its amendment and reenactment by Act 122 of 1956 reads as follows:
“[A] Operating a vehicle while intoxicated is the operating of any motor vehicle * * * while under the influence of alcoholic beverages or narcotic drugs.”
It will thus be observed that the only change made by the amending and reenacting statute was to substitute the words “alcoholic beverages” for the words “intoxicating liquor”.
The accused McAlister filed a motion to quash the information, alleging that it was fatally defective for three reasons: (1) It fails to inform the accused whether he is being charged as a first, second, third, or fourth offender. (2) Even though defendant was thrice convicted before under R.S. 14:98 prior to its amendment, nevertheless his past convictions were for one offense and the information in the instant case based on R.S. 14:98 as amended in 1956 charges an entirely new and different offense, conviction under which would constitute a first offense for the accused. (3) The statute under which he is now charged is unconstitutional in that it violates Article 1, Section 10, of the Louisiana Constitution by not informing the accused of the nature and cause of the accusation against him, due to the fact that the words “under the influence of” connote different things to different people and have no well defined and commonplace meaning.
The trial judge found that the second reason urged by the accused in the motion to quash had merit, and held that R.S. 14:98 as amended denounces a different crime from that denounced by the statute before its amendment, and hence that the prior convictions could not be counted so as to cause defendant to be tried as a fourth offender. Consequently he sustained the motion to quash as to part of the information, stating: “The motion to quash filed by the defendant, J. D. McAlister, is sustained only to the extent that the three prior convictions recited in the bill of information shall not be counted as violations of Title 14, Section 98, as now amended.” (Italics ours.) By this holding the court *446 reduced the charge in the bill of information from that of a fourth offender to that of a first offender.
To this ruling the State excepted and reserved and perfected a bill of exception, and in due course moved for an appeal to this court, which was granted. The only matter before this court on this appeal is the ruling of the trial judge to which the 'State excepted and reserved a bill of exception.
Evidently the opinion of this court in State v. Viator, 229 La. 882, 87 So.2d 115, caused the Legislature in 1956 to amend and reenact R.S. 14:98, even though this •court had never held that the words “intoxicating liquor” as used in this statute 'before its amendment prevented the statute from applying to a person operating a vehicle while intoxicated on beer. Evidently that opinion also influenced the trial Judge in sustaining the motion to quash in the manner he did, for in his per curiam he .-says:
“Under the language of the decision in State v. Viator, [229 La. 882] 87 So.2d 115, if the defendant operated a motor vehicle while under the influence of beer or any beverage excluded from the term ‘intoxicating liquors’ on the occasion of the first three convictions referred to in this indictment (or any one of them), then he was not guilty of any crime defined in Section 98 of of the Criminal Code before the 1956 amendment. In that Viator case the Supreme Court said that beer is not classified as an intoxicating liquor. Therefore, a determination of the truth •of whether this defendant on any one •or all of those three occasions was under the influence of anything included or not included in the term ‘intoxi-eating liquor’ would require the taking of testimony. When testimony is required to clear up such a situation it means there is an ambiguity or doubt which without such testimony must be -resolved in favor of the accused.”
As shown by the bill of information the three prior convictions of the defendant all occurred before the 1956 amendment of R.S. 14:98. The offense with which he is now charged occurred after the amendment. If R.S. 14:98 before its amendment charged an entirely different crime from that which it now charges after its amendment, there would be merit in defendant’s contention, for under those circumstances he would be only a first offender. As we view the matter, however, R.S. 14:98 as amended in 1956 does not denounce a new crime, but denounces exactly the same crime as before its amendment, even if it were conceded that under the statute before the 1956 amendment the words “intoxicating liquor” did not include beer. The reason the statute defines the same crime before and after its amendment is that the essential elements of the crime are unchanged by the amendment, these essential elements being the operation of a motor vehicle while intoxicated.
For the reasons assigned the judgment of the district court is reversed, annulled, and set aside, and the case is remanded for further proceedings.