FOURNET, Chief Justice.
 

 The State is appealing from the judgment of the district court maintaining
 
 [1]
 
 the motion to quash the bill of information charging the defendant, Sam W. High-tower, as a second offender, with violation of R.S. 14:98,
 
 [2]
 
 in that he unlawfully operated an automobile while under the influence of an alcoholic beverage, on the ground that said statute is unconstitutional.
 

 The motion to quash was based on the grounds (1) that Section 98 of Title 14, as amended by Act 122 of 1956,
 
 [3]
 
 fails to define what constitutes “under the influence of,” “operating a vehicle while * * * under the influence of an alcoholic beverages” and “alcoholic beverage” and is, therefore, too vague and indefinite to inform the accused as to what conduct is sought to be denounced by the statute, all in violation of Sections 2,
 
 [4]
 
 6
 
 [5]
 
 and 10
 
 [6]
 
 of Article I, Section 2
 
 [7]
 
 of Article II of the Louisiana Constitution and of the Fourteenth Amendment to the Constitution of the United States; (2) that neither the statute nor the bill of information apprise the defendant as to what alcoholic beverage allegedly caused him to be intoxicated, thus failing to inform him of the nature and cause of the accusation or-charge against him, in violation of Section
 
 *881
 
 10 of Article I of the Louisiana Constitution; and
 
 (3)
 
 that the statute is arbitrary and unreasonable and fails to provide a scientific and accurate method for the purpose of determining when a person is under the influence of an alcoholic beverage.
 

 The trial judge, in his written reasons for judgment, rationalized that the legislature, realizing that the word “intoxicated” is synonymous with “drunk” and that different persons will reach divergent conclusions as to when a person is drunk, attempted to avoid such uncertain results by defining the term “intoxicated” as being “under the influence of;” however, after discussing in detail the meaning of the phrase “under the influence of,” the judge concluded that it “is no more definite than the term ‘intoxicated’ or the term ‘drunk’,” which latter term was considered to be utterly indefinable in the case of Leland v. Leland,
 
 179
 
 La. 533, 154 So. 443; and that the words “under the influence of” were similar to the word “immoral” and “lewd” which this court held to be too vague and indefinite when used in acts prohibiting the sale of literature and pictures.
 

 Statutes making it a criminal offense to operate or drive a motor vehicle “while intoxicated,” “while in an intoxicated condition” or “under the influence of intoxicating liquor” have been adopted in practically all jurisdictions and have been generally recognized as a valid exercise of the state’s police power to regulate the use and operation of motor vehicles and to safeguard the people from injury or death caused by drivers who operate their cars while under the influence of intoxicating liquor or narcotic drugs.
 
 [8]
 
 In all jurisdictions where the constitutionality of such statutes has ever been challenged because of indefiniteness or lack of intelligibility, the courts have upheld them,
 
 [9]
 
 reasoning that the terms “while under the influence of intoxicating liquor” or “while in an intoxicated condition” are commonly used terms with a well-recognized meaning. This court, in the case of State v. Dudley, 159 La. 872, 106 So. 364, in passing on the validity of a city ordinance which prohibited the driving of a motor vehicle “while under the influence of liquor,” observed “we are of the opinion that the term ‘under the influence of liquor’ has a well-recognized meaning with every one, which is exactly synonymous with the term ‘in an intoxicated condition,’ ” and concluded that “the ordinance therefore clearly sets forth what is forbidden.”
 

 
 *883
 
 The legislature in 1956, following the decision of this court in the case of State v. Viator, 229 La. 882, 87 So.2d 115, in amending and re-enacting R.S. 14:-98 by changing the words “intoxicating liquor” to “alcoholic beverages,” did not thereby restrict, but rather enlarge the scope of the crime sought to be denounced, as the term “alcoholic beverages” is an all-inclusive term covering all alcoholic beverages.
 
 [10]
 
 Consequently, we held in the case of State v. McAlister, 234 La. 1028, 102 So.2d 444, 446, that a person having been convicted three times under R.S. 14:98 prior to its amendment in 1956, could be prosecuted as a fourth offender for a violation of that section after its amendment, for the reason “that the essential elements of the crime are unchanged by the amendment, these essential elements being the operation of a motor vehicle while intoxicated.”
 

 Our lawmakers, in adopting the Criminal Code, following rules of law generally obtaining in the interpretation of criminal statutes, i. e., that such statutes must be strictly construed, declared that nevertheless “ * * * all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.”
 
 [11]
 
 Following this canon and construing the terms as commonly understood, we are compelled to reach the conclusion that the offense sought to be denounced “operating a vehicle while intoxicated” when read in conjunction with its definition, “while under the influence of alcoholic beverages,” clearly states the crime sought to be prohibited, i. e., the operation of a vehicle while intoxicated, whether such intoxication be caused by spirituous, vinous or malt beverages, and, in our opinion, is sufficient to inform the accused of the nature and cause of the accusation or charge against him.
 

 While many states have adopted statutes providing that the results of chemical tests raise certain presumptions as to whether or not the defendant is intoxicated and others have accepted the use of such tests without statutory authority, but with court approval,
 
 [12]
 
 nevertheless even in those states other competent evidence may be used to establish the guilt or innocence of the accused; and although there are some variations in the language of the tests employed in the different jurisdictions, e. g., “the expression, ‘under the influence of intoxicating liq-
 
 *885
 

 mot,’
 
 covers not only all the well known and easily recognized conditions and degrees of intoxication, but any abnormal mental or physical condition which is the result of indulging in any degree in intoxicating liquors, and which tends to deprive him [the driver] of that clearness of intellect and control of himself which he would otherwise possess
 
 [13]
 
 “Intoxication, within the meaning of the statute, means such a condition as impairs to some extent, however slight it may be, the ability of a person to operate an automobile
 
 [14]
 
 “ ‘Under the influence of intoxicating liquors’ means what common usage has ascribed to the word, to wit: Not that he should be intoxicated to the extent that his faculties are completely impaired, but only that degree of influence which looses the bonds of self-restraint and causes him to operate his car in a manner different from that in which it would be operated by an ordinarily cautious and prudent person
 
 [15]
 
 — these variations do not alter the substance of the offense and, we think, that the terms “intoxicated” or “under the influence of alcoholic beverages” have a certain and well-understood meaning, i. e., a person is intoxicated within the provisions of the statute when he does not have the normal use of his physical and mental faculties by reason of the use of alcoholic beverages (or narcotics), thus rendering such person incapable of operating an automobile in a manner in which an ordinarily prudent and cautious man in full possession of his faculties, using reasonable care, would operate a motor vehicle under like conditions.
 

 While it may be desirable, as contended by counsel for the defendant, that the statute provide for a blood or breath test to determine in a scientific manner when a person is intoxicated, failure to so provide is neither unreasonable nor arbitrary and does not render the statute unconstitutional.
 

 For the reasons assigned, the judgment of the district court quashing the bill of information and ordering the defendant discharged, is annulled and set aside, and the case is remanded for further proceedings according to law and consistent with the views herein expressed.
 

 SIMON, J., absent.
 

 [1]
 

 . Defendant filed two motions to quash the bill of information. The first motion, which was based on the grounds (1) that the crime with which he was charged on February .28, 1958, was expressly repealed by Act 81 of 1958, amending R.S. 14:98; and (2) that he could not be charged as a second offender as the crime of operating a motor vehicle while under the influence of “intoxicating liquor” (of which crime he was convicted in 1954) is not the-same offense as the one charged in this , bill of information, i. e., operating a motor vehicle while under the influence of “an alcoholic beverage,” was overruled by the trial judge.
 

 [2]
 

 . The pertinent part of R.S. 14:98 reads as follows:
 

 “A. Operating a vehicle while intoxicated is the operating of any motor vehicle *• * ■* while under the influence of alcoholic beverages * *
 

 [3]
 

 . This section was further amended by Act 81 of 1958, which, however, affected only the penalty provisions under subsection B.
 

 [4]
 

 . “No person shall be deprived of life, liberty or property, except by due process of law * *
 

 [5]
 

 . “All courts shall be open, and every person for injury done him in his rights, lands, goods, person or reputation shall have adequate remedy by due process of law and justice administered without denial, partiality or unreasonable delay.”
 

 [6]
 

 . “In all criminal prosecutions, the accused shall be informed of the nature and cause of the accusation against him; and when tried by jury shall have the right to challenge jurors peremptorily, the number of challenges to be fixed by law.”
 

 [7]
 

 . “No one of these departments, nor any person or collection of persons holding office in one of- them, shall, exercise power properly belonging to either of the others, except in the instances hereinafter expressly directed or permitted.”
 

 [8]
 

 . 5A Am.Jur., Verbo “Automobiles and Highway Traffic,” § 1156 ft., p. 976; 61 C.J.S. Verbo, Motor Vehicles § 625 ft., p. 713. See also, Annotation in 142 A.I/.R. 555.
 

 [9]
 

 . Weston v. State, 49 Ariz. 183, 65 P.2d 652; State ex rel. Sellars v. Parker, 87 Fla. 181, 100 So. 260; State v. Graham, 176 Minn. 164, 222 N.W. 909; Nelson v. State, 97 Tex.Cr.R. 210, 261 S.W. 1046.
 

 [10]
 

 . State v. Viator, 229 La. 882, 891, S7 So. 2d 115.
 

 [11]
 

 . R.S. 14:3.
 

 [12]
 

 . See, Breithaupt v. Abram, 352 U.S. 432, 77 S.Ct. 408, 1 L.Ed.2d 448, note 3 at page 451.
 

 [13]
 

 . State v. Rodgers, 91 N.J.L. 212, 102 A. 433, 435.
 

 [14]
 

 . People v. Weaver, 188 App.Div. 395, 177 N.Y.S. 71, 74.
 

 [15]
 

 . People v. McKee, 80 Cal.App. 200, 251 P. 675, 677.