168 So.2d 593

**TOWN OF RAYVILLE**

v.

**W. H. BISHOP.**

No. 47457.

Nov. 9, 1964.

"Dec. 19, 1963

Town of Rayville
vs.
W. H. Bishop

Disturbing the Peace in violation of Article 13, Section One of Ordinance No. 504 as amended by Ordinance No. 603, Article 13, Section A, Subsection (2)."

Ellis & Ellis, Carey J. Ellis, Jr., Rayville, for applicant-relator.

Jack P. F. Gremillion, Atty. Gen., John E. Jackson, Jr., Asst. Atty. Gen., E. R. McIntyre, Dist. Atty., W. R. Coenen, Asst. Dist. Atty., W. A. Cooper, City Atty., for respondent.

HAMITER, Justice.

Following an altercation with the Mayor of the Town of Rayville, in the latter's place of business, W. H. Bishop (the defendant herein) was arrested and incarcerated in the town's jail. The next day the following unsworn notation was made on the Mayor's court docket:

No affidavit, information or indictment was executed; prosecution in the Mayor's court proceeded solely on the docket entry. The Mayor Pro Tem (the Mayor had recused himself) adjudged the accused guilty and sentenced him to pay a fine of $27.50. An appeal to the Fifth Judicial District Court in and for the Parish of Richland followed.

Prior to the trial de novo in that court the defendant, in two separate motions to quash, attacked the validity of the proceedings on the respective grounds that (1) the prosecution had been and was being carried on without any affidavit, information or indictment as the basis therefor, this in violation of Article I of Section 9 of the Louisiana Constitution and (2) the docket entry failed to inform him of the nature and cause of the alleged offense. The motions were overruled. Thereafter the defendant was again tried and found guilty.

On the overruling of his motions for a new trial, for arrest of judgment, and for a rehearing, in most of which the afore-stated grounds of the quash pleas were re-urged, the defendant was sentenced to pay a fine of $10 and costs or, in default thereof, to serve ten days in jail. Whereupon, there being no remedy by appeal, he applied to this court for supervisory writs which were granted. 246 La. 709, 166 So.2d 792.

In this court the defendant relies primarily on the motion to quash in which he pleaded the above recited first ground. The motion, we think, is meritorious.

Article I, Section 9 of the Louisiana Constitution of 1921 provides: "In all criminal prosecutions the accused shall have the right to a speedy public trial * * *. Prosecution shall be by indictment or information; but the Legislature may provide for the prosecution of misdemeanors on affidavits; * * *."

█ It appears to us that the quoted language of the Constitution is so clear that it admits of no interpretation other than that there can not be a valid criminal prosecution in any court of this state in the absence of an indictment, information or affidavit. Moreover, in City of Baton Rouge v. Mondy, 225 La. 229, 72 So.2d 488 this court specifically held that the general law relative to the institution of criminal prosecutions (particularly LRS 15:1 and 2) applies to municipal charges brought in municipal courts.

█ It is true that in the Mondy case we were considering a prosecution, which arose out of the alleged violation of a municipal ordinance, conducted in the City Court of Baton Rouge that was created by a special legislative act (No. 169 of 1898, as amended, now LRS 13:2071 et seq.); whereas, the prosecution here, for the alleged legal infringement, was in the Mayor's court of the Town of Rayville

which came into existence pursuant to the Lawrason Act (No. 136 of 1898, as amended, LRS 33:321 et seq.). However, neither statute makes specific provision for the institution of charges involving municipal offenses and, hence, both in that respect are similar. Incidentally, a concurring opinion in the Mondy case points out that any statutory provision that serves to authorize a criminal prosecution in a municipal court without an indictment, information or affidavit is violative of Section 9, Article I of the Louisiana Constitution.

The Town of Rayville cites and relies on three decisions in support of its contention that a formal charge is not required for a criminal prosecution in a Mayor's court. We have examined such authorities and find that they are not controlling here.

Thus, State ex rel. Courrege v. Fisher, 50 La.Ann. 45, 23 So. 92, was decided prior to the adoption of our Constitution of 1898 which was the first basic law of this state to contain the provision requiring that all criminal proceedings be commenced by formal charges. In State ex rel. Johnson v. Thompson, 111 La. 315, 35 So. 582, the defendant had been charged by affidavit in the Mayor's court of Ruston and the question involved was merely whether such affidavit was sufficient to inform him of the nature of the charge. The third cited case is Town of Sulphur v. Stanley, 207 La. 1075, 22 So.2d 655, and it is clearly distinguishable.

In the Stanley case the defendant was tried and convicted in the Mayor's court on a verbal charge of disturbing the peace. No complaint as to the procedure was made until he was tried anew in the district court. But prior to the de novo trial the town marshal had executed an affidavit charging the accused with the same offense. This court pointed out that the trial de novo was an entirely new proceeding, the case being then heard without regard to the decision of the Mayor's court, and that therein the pleadings could be amended and all relevant questions presented whether or not urged and relied on previously. Our holding was that so long as the proceedings in the de novo trial were proper, any irregularities or informalities occurring during the trial in the Mayor's court were of no moment. We particularly noted that in the district court trial the accused was prosecuted on an affidavit. In the instant case, to the contrary, no affidavit was ever filed; the accused was tried in both courts on the verbal charge alone.

For the reasons assigned the writs heretofore issued are made peremptory, the motion to quash is sustained, the conviction and sentence are annulled and set aside, and the defendant is discharged.