256 So.2d 427

**CITY OF PINEVILLE**

**v.**

**Bryant T. ROBINSON.**

**No. 51713.**

Jan. 4, 1972.

Rehearing Denied Jan. 27, 1972.

Garrett, Ryland & Downs, Donald M. Garrett, Alexandria, for defendant-appellant.

Ford & Nugent, William M. Ford, Alexandria, for plaintiff-appellee.

PER CURIAM.

The defendant, Bryant T. Robinson, appeals from a conviction of operating a vehicle while intoxicated, for which he was sentenced to pay a fine of four hundred dollars. La.R.S. 14:98.

Defendant alleges the "Louisiana Uniform Traffic Ticket" under which he was charged, does not constitute a valid basis by which prosecution could be insti-

tuted against him. However, we find the affidavit in this instance adequately meets both the statutory and constitutional requirements. (La.Const. art. I, sect. 10; La.R.S. 14:98 and 13:1894.1 (as amended by Acts 1970, No. 233, sect. 1); La.R.S. 32:398.4).

Assistant Police Chief Paul McLain signed the ticket as affiant, and his oath was properly sworn to and subscribed before the clerk of the court. See La.C.Cr.P. art. 385. The charge that the defendant did unlawfully operate a 1969 GMC pickup with vehicle license number 653–893 upon public highway 165, located within the City of Pineville, while intoxicated, in violation of R.S. 14:98, sufficiently informs the accused of the nature of the offense charged. See State v. Hightower, 238 La. 876, 116 So.2d 699 (1959); State v. Dudley, 159 La. 872, 106 So. 364 (1925).

The defendant further asserts that the filing and prosecution of the charges was not brought in accordance with La. R.S. 13:1894.1. The affidavit expressly states the offense took place within the territorial limits of the City of Pineville, and the minutes reflect a city attorney prosecuted the case, despite the defendant's suggestion that these requirements of the statute were not met.

For the reasons assigned, the conviction and sentence are affirmed.