467 So.2d 156 (1985)
STATE of Louisiana, Plaintiff-Relator,
v.
Edward GUIDRY, Defendant-Respondent.
No. K84-971.
Court of Appeal of Louisiana, Third Circuit.
April 10, 1985.
David F. Hutchins, Sp. Asst. Dist. Atty., Lafayette, for the State.
Cary Menard, Lafayette, for defendant-respondent.
Before DOMENGEAUX, DOUCET and KING, JJ.
DOUCET, Judge.
On July 18, 1984, the defendant was arrested for operating a vehicle while intoxicated.
The Lafayette Parish District Attorney's office subsequently filed a bill of information charging the defendant with unlawful operation of a bicycle on a public street while under the influence of alcoholic beverages, in violation of the provisions of *157 LA-R.S. 14:98. On September 5, 1984, the defendant made an oral motion to quash the bill of information before the Honorable Michael G. Sullivan, Judge of the City Court of Lafayette, Louisiana.
The defendant's argument in support of his motion to quash was that the bill of information did not state a chargeable offense under LA-R.S. 14:98. It is the State's position that the defendant's operation of a bicycle while under the influence of alcoholic beverages is a chargeable crime under LA-R.S. 14:98.
The trial judge granted the defendant's motion to quash based upon his interpretation of the recent case of State v. Williams, 449 So.2d 744 (La.App. 3rd Cir.1984) writ denied, 452 So.2d 172 (La.1984). The State perfected an application for writ of review.
The State contends that the trial judge erred in granting the defendant's motion to quash based on the premise that operating a bicycle while under the influence of alcoholic beverages is not an offense chargeable under LA-R.S. 14:98.
LA-R.S. 14:98 provides:
"The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel or other means of conveyance when: (1) the operator is under the influence of alcoholic beverages."
In interpreting this Statute, it must be remembered that the articles of the Criminal Code must be strictly construed and "cannot be extended by analogy so as to create crimes not provided for herein". LA-R.S. 14:3; State v. Freeman, 411 So.2d 1068 (La.1982). Any doubt as to the extent of the Statutes must be decided in favor of the defendant and against the State. State v. Brown, 378 So.2d 916 (La. 1979).
The State argues that the term "other means of conveyance" as used in LA-R.S. 14:98 includes bicycles.
In the recent case of State v. Williams, supra, this Court had the opportunity to determine what constituted "other means of conveyance" under the language of LA-R.S. 14:98. In Williams, supra, this Court was faced with the question of whether a horse was considered a "means of conveyance" in accordance with the provisions of LA-R.S. 14:98. After acknowledging the absence of a statutory definition of "other means of conveyance", the Court began its discussion of the appropriate statutory construction of LA-R.S. 14:98 by pointing out that:
"Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning of the law, shall be construed and understood according to such peculiar and appropriate meaning. LSA-R.S. 1:3.
Where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of those same general nature or class as those enumerated. The particular words are presumed to describe certain species and the general words to be used for the purpose of including other species of the same genus. State v. Pabst Brewing Co., 128 La. 770, 55 So. 349 (1911)."

State v. Williams, supra.
By applying those rules, the Court found that:
"The words `motor vehicle', `aircraft', and `vessel', refer to inanimate objects of which the operation and control is dependent on the actions of the driver. A horse, on the other hand, is an animate object whose actions may not always be predicted with certainty. Plauche v. Consolidated Companies, 235 La. 692, 105 So.2d 269 (1958). A horse is ridden but not always controlled; it is not operated or driven."

State v. Williams, supra.
The Court distinguished the use of animate objects and inanimate objects. In the instant case, a bicycle is an inanimate *158 object whose operation and control is completely dependent upon the actions or inactions of its operator or driver. However, this Court in State v. Williams, supra, also found that the term "other means of conveyance" was limited in application to motorized vehicles.
After analyzing the two Louisiana Supreme Court decisions of State v. McAlister, 234 La. 1028, 102 So.2d 444 (1958), and State v. Hightower, 238 La. 876, 116 So.2d 699 (1959), this Court stated that:
"We are persuaded in our decision by the determination of the McAlister and Hightower courts that the use of a motorized vehicle is a pivotal element of the crime of operating a vehicle while intoxicated." [Emphasis added].

State v. Williams, supra.
After noting that criminal laws are not to be extended by analogy but must be strictly construed, this Court went on in State v. Williams, supra, to say that:
".... had the redactors wished to include non-motorized vehicles in R.S. 14:98 they should have made specific mention of this class of vehicles in the statutory definition of operating a vehicle while intoxicated." State v. Williams, supra, at page 748.
In view of State v. Williams, supra, we find that the trial judge was correct in granting the defendant's motion to quash based upon his interpretation of that case. Accordingly, we affirm the trial court's decision.
AFFIRMED.
DOMENGEAUX, J., dissents and assigns reasons.
DOMENGEAUX, Judge, dissenting.
I respectfully suggest that my colleagues of the majority are in error when they exclude a bicycle from coverage under the OWI statute, La.R.S. 14:98.
The majority has placed too much emphasis on the Williams case in deciding this case. Williams held that a horse was not an "other means of conveyance" under 14:98. I do not necessarily quarrel with that, however, I feel that some of the language in Williams should not be applicable to this case. The reference in Williams to animate and inanimate objects had merit there, but has none here. The Williams case seeks umbrage under the McAlister and Hightower cases. Those cases had nothing to do with means of conveyance as it applied to the statute. The means of conveyance in both cases was an automobile, which is obviously motorized. In McAlister the issue had to do with first or second offenses under the statute, and Hightower had to do with the proper definition of alcoholic beverages, intoxication, etc. In this case neither of those issues are pertinent and I respectfully suggest that it is error to lean on those two cases in order to come to the conclusion that "other means of conveyance" is limited to motorized vehicles.
The rule on statutory construction, cited in Williams and taken from the Pabst Brewing Company case is correct, but not applicable here because the words "motor vehicle", "aircraft", and "vessel" are not in a particular class. An aircraft or a vessel need not be motorized. A simple reference to Webster's Third New International Dictionary, Unabridged, and Webster's Seventh New Collegiate Dictionary make it clear that an aircraft need not be motorized, and included in the term aircraft are balloons (which are hoisted by gas) and gliders, which are non-motorized. Similarily a vessel need not be motorized, although a vessel is usually considered as being bigger than a rowboat. Webster describes a vessel as a watercraft or structure with its equipment, whether self-propelled or not, that is used or capable of being used as a means of transportation in navigation or commerce on water. See also Black's Law Dictionary, revised Fourth edition, which does not suggest that contrivances in order to be classed as aircraft or vessels must be motorized.
Such being the case I would suggest that a bicycle is an "other means of conveyance" as contemplated by La.R.S. 14:98.
*159 Accordingly, I would reverse the lower court's grant of defendant's motion to quash and remand for further proceedings.