JjPER CURIAM.
The defendant, Charles Marquis (Marquis) was charged by a document styled, “Bill of Information” in the City of Kenner’s mayor’s court with two counts of violating Kenner Ordinance 772 Section 7-71, Simple Battery Involving Domestic Violence, against Yardia E. Marquis and Lily Molina on January 14, 1996 at 12:19 p.m. Marquis moved to quash the bill of information on the basis it was defective and did not comport with the Louisiana Code of Criminal Procedure. The trial judge granted the motion to quash. The City of Kenner has filed this writ application. We vacate the judgment and remand.
At the outset we note the following. The writ application was taken from a judgment rendered March 17,1998. The application was filed in this court on April 15, 1998. In its supplemental brief before this court filed on May 26, 1998 the City of Kenner argues the issue regarding the bill of information is now moot since the bill of information was amended on April 27,1998. Relator has attached a certified copy of the amended bill to its brief. This court cannot consider new evidence. Augustus v. St. Mary Parish School Bd., 95-2498 (La.App. 1st Cir. 6/28/96), 676 So.2d 1144. We also do not consider issues which were not brought before the trial court. Phillips v. Space Master Intern., Inc., 96-877 (La.App. 5th Cir. 5/14/97), 696 So.2d 64. Therefore, the amended bill of information is not before this court. Furthermore,! on May 6, 1998 this court granted a writ of review and permitted relator Land respondent to file additional briefs relative to “the issues preserved by the writ application.” Relator’s May 26, 1988 brief goes beyond the scope of the issues preserved in the writ application. Relator for the first time in this court argues the following: (1) the matter is now moot because, inter alia, the Kenner City Prosecutor has personally amended the bill and signed it; (2) the defendant waived his motion to quash on the basis the prosecutor did not sign the bill by failing to file the motion within 15 days after the arraignment, and (3) the trial judge lacked authority to preside over the hearing on the motion to quash. The respondent’s briefs before this eourt properly do not address the new issues raised.
In its writ application before this court, relator specifies the following error:
Judge Terry Q. Alarcon erred in granting the defendant’s motion to quash prosecution because he believed that the Kenner bill of information was insufficient and defective.
The bill of information contains the stamped signature of the prosecuting attorney of the Magistrate Court for the City of Kenner, and the following general language:
Undersigned Prosecuting Attorney, City of Kenner, Louisiana, who in the name and by the authority of the City of Kenner, prosecutes in proper person and comes into this Court in this City, and informs this Court the individual listed on the cita *87 tion and/or ticket and/or summons and/or arrest summons and/or booking form attached on the date, time and place listed did commit crime(s) and/or offense(s) and/or violation(s) set forth herein within the jurisdiction of this court in this City-contrary to the form of ordinances of this City and/or statutes of the State of Louisiana, in such cases made and provided, and against the peace and dignity of the City of Kenner and/or State.
The generic bill of information does not specify the name of the defendant, the nature of the crime, the date of the occurrence, the alleged victim, or the ordinance which was violated. However, the bill of information refers to attachments which do set forth these specific facts.
Marquis filed a motion to quash the bill of information on the basis it failed to state the name of the defendant, the charges against him, and the factual information underlying the charges. We note that the documents, attached to the bill of information provide the information.
Marquis also asserted the court failed to properly arraign him and to advise him of his frights.[1] He also notes that although the bill of information refers to attachments these attachments, such as a police report, do not constitute a bill of information. The trial judge did not address the arraignment procedure but instead considered the adequacy of the bill of information. He granted the motion to quash on the basis the bill of information was defective. The arraignment issue is not before this court.
The trial judge reasoned as follows:
With no specificity in the bill of information and the fact that the supplemental documents were not generated by the prosecuting, attorney, this court would grant the motion to quash.
The trial judge granted the motion based on two grounds: (1) noncompliance with the Louisiana Code of Criminal Procedure, and (2) noncompliance with the Louisiana Constitution.
We agree with the trial judge that a two-pronged analysis is required. We first examine the issue of whether a mayor’s court must comport with the Louisiana Code of Criminal Procedure. We conclude that for purposes of instituting a prosecution, a may- or’s court does not fall within the scope of the Louisiana Code of Criminal Procedure. However, constitutional mandates continue to apply in mayor’s courts. See, e.g. Sledge v. McGlathery, 324 So.2d 354, 356-357 (La. 1975) wherein the Louisiana Supreme Court recognized that a defendant in such a court continues to have a constitutional right to counsel. Furthermore, the Louisiana Supreme Court considered both statutory and constitutional requirements in a prosecution in a city court. City of Pineville v. Robinson, 260 La. 415, 256 So.2d 427 (1972) at 427. Although the Robinson court considered a prosecution in city court, we find the same analysis applies herein. We conclude constitutional due process requirements have been |4met in this ease.
The City of Kenner’s Magistrate’s Court is a mayor’s court authorized by the Louisiana *88 constitution. La. Const, art-. 5, § 20 provides for the continuation of mayor’s courts which predated the 1974 constitution as follows:
Mayors’ courts and justice of the peace courts existing on the effective date of this constitution are continued, subject to change by law.
The term “Magistrate” is .defined in La. Code Crim. P. art. 981 as “any judge, a justice of the peace, or a mayor of a mayor’s court.” Article 931 specifically excludes mayor’s courts from the definition of “court” “[ejxcept where the context clearly indicates otherwise, as used in this Code.”
La. R.S. 33:441 sets forth the jurisdiction of mayor’s courts and provides for the appointment of a magistrate as follows:
A. Except as provided in Chapter 7 of Title 13, there shall be a mayor’s court in the municipality, with jurisdiction over all violations of municipal ordinances. The mayor may try all breaches of the ordinances and impose fines or imprisonment, dr both, provided for the infraction thereof. Notwithstanding any other provision of law to the contrary, the mayor may also impose court costs not to exceed thirty dollars for each-offense, as‘defined by ordinance, on any defendant convicted of a violation of a municipal ordinance.
B. Notwithstanding any other provision of law to the contrary, the board of aider-men in its discretion may, upon request of the mayor, appoint an attorney who shall be designated as court magistrate and who shall serve at the pleasure of the mayor and may from time to time be designated by the mayor to serve in his stead as the presiding official over the mayor’s' court. Whenever the magistrate is so designated by the mayor to preside over the mayor’s court, he shall exercise the powers and authority of the mayor over said court. The board of aldermen shall fix and pay the salary of the, magistrate, if one is appointed. ■ '
C. The mayor shall have the power of a committing magistrate.
La.R.S. 33:441.1 provides for the appointment of a magistrate in Kenner’s mayor’s court as follows:
The board of aldermen of the city of Ken-ner' shall, upon request of the mayor, appoint an attorney who shall be designated as court magistrate and who shall serve at the pleasure of the mayor and may from time to time be designated by the mayor to serve in his stead as the presiding official over the mayor’s court. Whenever the magistrate is so designated by the mayor to preside over the mayor’s court, he shall exercise the powers and |sauthority of the mayor over said court. The magistrate shall serve at a salary .fixed and paid by the board of aldermen.
La.Code Crim. P. art. 382 sets forth the methods for instituting, criminal prosecutions:
A. A prosecution for an offense punishable by death, or for an offense punishable by life imprisonment, shall be instituted by indictment by a grand jury. Other criminal prosecutions in a district court shall be instituted by indictment or by information.
B. (1) A prosecution for violation of an ordinance and other criminal prosecutions in a parish court shall be instituted by affidavit or information charging any offense. - .
(2) A prosecution for violation of an ordinance and other criminal prosecutions in a city court shall be instituted by affidavit or information charging any offense supported by an affidavit.
(3) Criminal prosecutions in a juvenile court or family court shall be instituted by affidavit, information, or indictment.
Although the article provides for the prosecution of certain ordinances, it does not provide for the prosecution of an ordinance in .mayor’s courts. The Official Revision Comment to this article provides in section (d) as follows:
(d) Great informality in instituting prosecutions will apparently prevail in cases within the limited jurisdiction of mayor’s courts under Const, Art. VII, § 51(E). See City of Monroe, v. Meuer, 35 La. Ann. 1192 (1883). However, the prosecutions should be institutéd by affidavit, meeting the minimal requirement for instituting a *89 prosecution for violation of a city ordinance.
The comment is an interpretive aid and does not constitute law.[2] It suggests that mayor’s courts should proceed by affidavit. The explanatory language further suggests legislative intent to distinguish mayor’s courts from the other courts included in article 382. Therefore, mayor’s courts are not required by article 332 to provide an affidavit for the prosecution of an ordinance.
The defendant relies on the case of Town of Rayville v. Bishop, 246 La. 887, 168 So.2d 593, 594 (1964) which considered a prosecution in a mayor’s court. That case is inappo-site because it is based on an interpretation of the former 1921 constitution. The 1974 constitution does not contain the provision referred to in Bishop. Bishop is further inapposite | (¡because in Bishop “[n]o affidavit, information or indictment was executed [and] prosecution in the Mayor’s court proceeded solely on the docket entry.” Id. at 593. In Bishop, the court stated:
Article I, Section 9 of the Louisiana Constitution of 1921 provides: ‘In all criminal prosecutions the accused shall have the right to a speedy public trial * * *. Prosecution shall be by indictment or information; but the Legislature may provide for the prosecution of misdemeanors on affidavits; * *
It appears to us that the quoted language of the Constitution is so clear that it admits of no interpretation other than that there can not be a valid criminal prosecution in any court of this state in the absence of an indictment, information or affidavit. Moreover, in City of Baton Rouge v. Mondy, 225 La. 229, 72 So.2d 488 [(1954)] this court specifically held that the general law relative to the institution of criminal prosecutions (particularly LRS 15:1[3] and 2)[4] applies to municipal charges brought in municipal courts [footnotes added.].
In Mondy, infra, a case referred to by the Louisiana Supreme Court in Bishop, the court considered a prosecution in City Court in the City of Baton Rouge. The prosecution was instituted by an unsworn police report. Mondy, like Bishop, is also inapposite for the following reasons: (1) it concerned a prosecution in a city court rather than a mayor’s court; (2) it also relied on the former 1921 constitutional provision La. Const, art. 1 § 9, and (3) it Rrelied on statutory provisions which have since been repealed.[5]
Under the current 1974 constitution, La. Const, art. 1, § 13 now provides in pertinent part:
In a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him...
Also, the 1974 constitution provides in La. Const, art. 1, § 15:
Prosecution of a felony shall be instituted by indictment or information, but no person shall be held to answer for a capital crime or a crime punishable by life imprisonment except on indictment by a grand jury. No person shall be twice placed in jeopardy for the same offense, except on *90 his application for a new trial, when a mistrial is declared, or when a motion in arrest of judgment is sustained.
Thus, unlike the former 1921 constitution, the 1974 constitution does not delineate the specific procedural requirements for instituting all criminal prosecutions. Instead, the 1974 constitution only requires that “[pjrose-cution of a felony shall be instituted by indictment or information.” La. Const, art. 1, § 15.
La. Const, art. 1, § 2 currently provides:
No person shall be deprived of life, liberty, or property, except by due process of law.
In the instant case the defendant has experienced deprivation of his liberty as a result of being arrested for two counts of simple battery involving domestic violence. It is evident he will be subject to further deprivation of liberty if found guilty of violating the criminal ordinance. Additionally, “In a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him.” La, Const., art. 1, § Í.3.
Therefore, we now determine whether constitutional due process requirements have been met. The United States Supreme Court has established the standard for determining whether due process has been afforded a defendant charged .with contempt of court. In Re Oliver, 333 U.S. 257, 68 S.Ct. 499, 507-508, 92 L.Ed. 682 (1948). We find the In Re Oliver standard applicable herein. In In Re Oliver the court explained:
... We further hold that failure to afford the petitioner a reasonable opportunity to defend himself .against the charge of false and evasive swearing was a denial of due process of law. A | «person’s right to reasonable notice of a charge against him, and an opportunity to be heard in his defense-a right to his day in court-are basic in our system of jurisprudence; and these rights include, as a minimum, a right to examine the witnesses against him, to offer testimony, and to be represented by counsel... [Emphasis addedfootnote omitted.]
Accord In Re Custody of Landry, 95-0141 (La.App. 1st Cir. 10/6/95), 662 So.2d 169; Brunet v. Magnolia Quarterboats, Inc., 97-187 (La.App. 5th Cir. 3/11/98), 711 So.2d 308.
Applying the In Re Oliver standard; we hold that the documents attached to the bill of information set forth specific facts and provide ample notice to the defendant of the charges against him. The factual allegations include: (1) the name of the defendant; (2) the nature, time, date and place of the crime; (3), the victims, and (4) the specific ordinance with was violated. The documents contain specific factual details which also provide the defendant with sufficient information allowing him a reasonable, opportunity to prepare a defense against the charges. The defendant has reasonable notice of the charges against him and due process of law.
Accordingly, for the reasons stated, the judgment is vacated and this case is remanded to the Magistrate Court for the City of Kenner. Although the trial judge heard the motion to quash based on the alleged failure to properly arraign the defendant, he did not address the issue nor did he render any ruling. He only granted the motion to quash based on the allegedly defective bill of information. Therefore, we remand the case to the Magistrate Court for the City of Kenner for proceedings consistent with the views expressed herein.
JUDGMENT RENDERED MARCH 17, 1998 VACATED AND SET ASIDE; CASE REMANDED.

.Marquis also asserted that the City of Kenner failed to arraign him. He refers to La.Code Crim. P. art. 551 which requires that a defendant be arraigned and the procedure for such arraignment. In particular he notes he was not advised of his rights nor was a plea entered into the record of the court. He argues the City of Ken-ner failed to do the following:
1. Have Mr. Marquis appear in person, in court and arraign him;
2. Have Mr. Marquis sign a waiver of appearance for arraignment;
3. Read the bill of information or charges made against him in open court;
4. Obtain a plea from Mr. Marquis;
5. Make a record of any plea entered by Mr. Marquis.
The City of Kenner denies the allegations. We note that the record provided this court for its review does not contain the Mayor’s docket required by La.R.S. 33:442 which provides:
The Mayor shall keep a regular docket, on which he shall enter the causes arising under the ordinances and to be tried by him. He shall keep a perfect record of all cases tried. He may hold his court at any time. The marshal shall attend the court and serve its process and act as its executive officer.
The absence of a Mayor's docket in the record of this case may explain-the need for the eviden-tiary hearing on the arraignment issue conducted by the trial judge.

. La.Code Crim. Proc. art. 10 provides:
The headings of the articles of this Code, and the source notes and comments thereunder do not constitute parts of the law.

. The provision of La.R.S.15:l is now contained in La.Code Crim. P.art. 381 which provides in pertinent part:
A criminal prosecution is brought in the name of the state in a court of criminal jurisdiction, for the purpose of bringing to punishment one who has violated a criminal law...

. The provision of former La. R.S. 15:2 is now contained in La.Code Crim. P. art. 382 which provides:
A. A prosecution for an offense punishable by death, or for an offense punishable by life imprisonment, shall be instituted by indict-
menl by a grand jury. Other criminal prosecutions in a district court shall be instituted by indictment or by information.
B. (1) A prosecution for violation of an ordinance and other criminal prosecutions in a parish court shall be instituted by affidavit or information charging any offense.
(2) A prosecution for violation of an ordinance and other criminal prosecutions in a city court shall be instituted by affidavit or information charging any offense supported by an affidavit.
(3) Criminal prosecutions in a juvenile court or family court shall be instituted by affidavit, information, or indictment.

.See, e.g. former La.R.S.15:52, La.R.S. 15:53, and La.R.S. 15:78.