hWEIMER, Judge,
concurring.[1]
I agree with the rationale of the majority and concur to add the following.
Those operating bicycles on the roadway while intoxicated can pose a serious danger to themselves and others. This is the precise behavior LSA-R.S. 14:98 seeks to prohibit and punish.[2]
Persuasive to a finding that a bicycle is an “other means of conveyance” is the title of LSA-R.S. 14:98 — '“Operating a Vehicle While Intoxicated.”[3] According to Web *1179 ster’s Dictionary, “vehicle” is defined, in pertinent part as:
1.any device or contrivance for carrying or conveying persons or objects, including land conveyances, vessels, aircraft, and spacecraft: sometimes specif, restricted to land conveyances on wheels, runners, treads, etc.
Webster’s New World Dictionary, 1574 (2nd ed.1984). Based on this definition, it is not necessary for a vehicle to be motorized to nevertheless be considered a vehicle. Although the body of the statute requires a vehicle to be motorized, it is not necessary for a conveyance to be motorized to fit within the purview of LSA-R.S. 14:98.
|2I also note that as a general rule, a bicycle rider is subject to the same traffic laws as a driver of a motor vehicle. See LSA-R.S. 32:194, which is titled “Traffic laws apply to persons riding bicycles.” See also, Gladney v. Cutrer, 440 So.2d 938, 939 (La.App. 2 Cir.), writ denied, 443 So.2d 596 (1983). Although LSA-R.S. 14:98 is obviously not within Title 32, it is clearly related to traffic regulation and is a “driving offense.”
Lastly, I agree with the dissent of Judge Domegeaux in State v. Guidry, 467 So.2d 156, 158-159 (La.App. 3 Cir.1985).

. One cannot help but note the irony in the fact that a Mr. Carr chose a bicycle as his means of conveyance.

. I note the defendant indicated to the arresting officer that he was proceeding to work to operate a forklift.

.It is the words of the statute, as opposed to the words of the title, which must be evaluated. However, the words of the title can aid in determining the meaning and scope of the statute. See State v. Madere, 352 So.2d 666, 668 (La.1977).