Dear Mr. Hardy:
This office is in receipt of your request for an opinion of the Attorney General in regard to appointment of a magistrate for the Mayor's Court in the City of St. Martinville.
You indicate that the City of St. Martinville was incorporated on April 4, 1898 by Special Legislative Act, and the Charter provides for a Mayor's Court under Article III, Section 1, Mayor. On July 20, 1992 the City Council enacted an ordinance entitled Article II, Mayor's, Division II, Magistrate, Section 8.3-21. Appointment. You state the language in the ordinance apparently was taken out of LA. R.S. 33:441(B) which provides as follows:
 Notwithstanding any other provisions of law to the contrary, the board of aldermen in its discretion may, upon request of the Mayor, appoint an attorney who shall be designated as Court Magistrate and who shall serve at the pleasure of the Mayor and may from time to time be designated by the Mayor to serve in his stead as the presiding official over the Mayor's Court. Whenever the Magistrate is so designated by the Mayor to preside over the Mayor's Court, he shall exercise the powers and authority of the Mayor over said Court. The board of aldermen shall fix and pay the salary of the Magistrate, if one is appointed.
The St. Martinville City Council has questioned the language "from time to time", and is concerned that this means that the Magistrate could serve every once in awhile in place of the Mayor, and that otherwise the Mayor should run the Mayor's Court.
In order to make the language more clear cut, the St. Martinville City Council approved on August 2, 2004 an amendment of Section 8.3-21, Appointment which reads as follows:
 The City Council of the City of St. Martinville shall upon request of the Mayor, appoint an Attorney who shall be designated as Court Magistrate, and who shall serve as the presiding official over the Mayor's Court. The Magistrate shall exercise the powers and authority of the Mayor over said Court.
However, you indicate the Council still question whether an attorney could be appointed as Court Magistrate to handle every Mayor's Court, and thus be the sole presiding official over the St. Martinville Mayor's Court which sits once a month.
You state your research could not find a definitive opinion which stated that once a Court Magistrate is appointed that he would preside over every session of the Mayor's Court instead of the Mayor.
Accordingly, you set forth the following questions:
 Who shall preside over the Mayor's Court according to the July 20, 1992, Ordinance?
 Who shall preside over the Mayor's Court according to the August August 2, 2004 Amended Ordinance?
In response to your first question we would conclude the Mayor would preside over the Mayor's Court unless he requested the City Council to appoint an attorney as court magistrate who would serve at his pleasure from time to time. By the latter provision we find no restriction as to the length of this time.
However, we must conclude the amendment in August of 2004 now must control, and it provides upon request of the Mayor, the City Council "shall appoint" an attorney as court magistrate to serve and "exercise the powers and authority of the Mayor over said Court."
In City of Kenner v. Marquis, 715 So.2d 85 (La. App 1998) the court observed that La. Const. Art 5, Sec. 20 provides for the continuation of mayor's courts which predated the 1974 constitution, and recognized that R.S. 33:441 sets forth the jurisdiction of mayor's courts and provides for the appointment of a magistrate by the board of aldermen at the request of the mayor who would serve at the pleasure of the mayor, and may from time to time be designated to server in his stead. Therein it further observed that whenever the magistrate is do designated by the mayor to preside over the mayor's court, he shall exercise the power and authority of the mayor over said court.
Inasmuch as you note that the ordinance of 1992 was taken out of R.S.33:441, we find the reasoning of the Marquis case should be followed wherein it stated the statute provided for the appointment of a magistrate at the request of the mayor who would serve at the pleasure of the mayor in his stead.
We find no restriction as to the length of time this appointment may last but merely "at the pleasure of the mayor", and as set forth in Sec. 8.3-23 of the St. Martinville Code, "Term of office for the magistrate shall be the same as that of the Mayor."
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: _____________________________ BARBARA B. RUTLEDG Assistant Attorney General
CCF/bbr